**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

**UNITED STATE OF AMERICA**

**V.**

**JC LONGORIA CASTRO**

**CASE No.: 5:21-CR-009**

**GOVERNMENT'S REPLY TO DEFENDANT'S**
**OBJECTION TO MOTION (DOC. 98)**

As provided in the Government's Motion (Doc. 98), the authority to maintain custody of the lawfully restrained assets fall within two statutory frameworks, (1) 18 U.S.C. § 983, and (2) 21 U.S.C. § 853.

In the matter at hand, Defendant JC Longoria Castro (hereinafter, the "Defendant") filed a Response (Doc. 232) containing an objection to the Government's motion, to maintain custody of seized property, with specific reference to three assets:

- 2011 Ford SRW Super Duty, VIN 1FTBF2BT6BED04675,

- 2015 Jeep Wrangler Sahara, VIN 1C4GJWBG2FL697235, and

- $6,000.00 in U.S. Currency

(Collectively, the "Subject Property").

The Subject Property was seized on or about November 17, 2021, by agents from the Department of Homeland Security – Homeland Secretary Investigations, the U.S. Department of State - Diplomatic Security Service, with support from various other state and local law enforcement agencies. The restraint of the Subject

Property was duly authorized by issuance of a federal search and seizure warrant signed by a Magistrate Judge in the Southern District of Georgia.

In addition to the evidentiary value, the Government believes the requisite nexus exists between the charged offenses and the Subject Property, and that the nexus is sufficient to establish the forfeitability of the Subject Property pursuant to 21 U.S.C. § 853.

Nevertheless, the Government is continuing to make determinations of its intent to pursue forfeiture while also weighing the evidentiary value of the Subject Property to the criminal case. In support of that effort, the Government made the appropriate filings. More specifically, the Government filed a Bill of Particulars (Doc. 89), pursuant to the Federal Rules of Criminal Procedure Rule 32.2, and filed a motion for a 'housekeeping' order pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) (Doc. 98).

Wherefore, based reasons set forth above the Government requests that this Court grant the Government's motion (Doc. 98), and permit the United States to maintain custody of the Subject Property through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and find that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 7th day January 2022.


DAVID H. ESTES
UNITED STATES ATTORNEY

*(Signatures Continue on the Next Page)*

2

**/s/ Xavier A. Cunningham**
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, GA 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 7th day January 2022.

*/s/ Xavier A. Cunningham*
_____
Xavier A. Cunningham
Assistant United States Attorney