UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA<br><br>V.<br><br>NERY RENE CARRILLO-NAJARRO | CASE No.: 5:21-CR-009 |

**GOVERNMENT'S REPLY TO DEFENDANT'S**
**OBJECTION TO MOTION (DOC. 98)**

As provided in the Government's Motion (Doc. 98), the authority to maintain custody of the lawfully restrained assets fall within two statutory frameworks, (1) 18 U.S.C. § 983, and (2) 21 U.S.C. § 853.

In the matter at hand, Defendant Nery Rene Carrillo-Najarro (hereinafter, the "Defendant") has objected to the Government's motion, and requested relief with regard to the following assets:

- 1997 Mercedes E300D, VIN WDBJF20F8VA365187,
- Acer laptop, and
- iPhone 11 Promax,

(Collectively, the "Subject Property").

The Subject Property was seized on or about November 17, 2021, by agents from the Department of Homeland Security – Homeland Secretary Investigations, the U.S. Department of State - Diplomatic Security Service, with support from various other state and local law enforcement agencies. The restraint of the Subject

1

Property was duly authorized by issuance of a federal search and seizure warrant signed by a Magistrate Judge in the Southern District of Georgia.

In addition to their evidentiary value, the requisite nexus exists between the charged offenses and the Subject Property and sufficiently establish the forfeitability of the assets. Nevertheless, the Government has decided to decline the forfeiture of one of the three listed assets. More specifically, the Government formally declined the forfeiture of the 1997 Mercedes E300D, VIN WDBJF20F8VA365187. The decision to forego forfeiture of this asset was based solely on the fact that it did not meet the Department of Justice's Net Equity threshold set forth in the Asset Forfeiture Manual at Chapter 1, Section D.1.

The Government contends that the remaining two assets, (1) the Acer Laptop and (2) the iPhone 11 Promax (Collectively, the "Subject Property") are subject to forfeiture pursuant to 21 U.S.C. § 853. In addition to the potential for forfeiture, there is an evidentiary value, and the Subject Property has not yet been imaged, thus the Government is continuing to make determinations of its intent to pursue forfeiture while also weighing the evidentiary value of the Subject Property to the criminal case.

In support of that effort, the Government made the appropriate filings. More specifically, the Government filed a Bill of Particulars (Doc. 89), pursuant to the Federal Rules of Criminal Procedure Rule 32.2 and filed a motion for a 'housekeeping' order pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) (Doc. 98).

Wherefore, based reasons set forth above the Government requests that this Court grant the Government's motion (Doc. 98), and permit the United States to maintain custody of the Subject Property through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and find that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 7th day January 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Xavier A. Cunningham*
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, GA 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 7th day January 2022.

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney