UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA<br><br>V.<br><br>BRETT DONAVAN BUSSEY | CASE No.: 5:21-CR-009 |

GOVERNMENT'S REPLY TO DEFENDANT'S
OBJECTION TO MOTION (DOC. 98)

As provided in the Government's Motion (Doc. 98), the authority to maintain custody of the lawfully restrained assets falls within two statutory frameworks, (1) 18 U.S.C. § 983, and (2) 21 U.S.C. § 853.

In the matter at hand, Defendant Brett Donavan Bussey (hereinafter, the "Defendant") has objected to the Government's motion, and has sought the return of the following assets,

- 2006 Toyota 4Runner, VIN JTEZU17R968043067,
- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307,
- 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and
- $4,638.72 in U.S. Currency.

These assets were seized on or about November 17, 2021, by agents from the Department of Homeland Security – Homeland Secretary Investigations, the U.S. Department of State - Diplomatic Security Service, with support from various other state and local law enforcement agencies. The restraint of the assets was duly

1

authorized by issuance of a federal search and seizure warrant signed by a Magistrate Judge in the Southern District of Georgia.

In addition to their evidentiary value, the requisite nexus exists between the charged offenses and the assets to sufficiently establish the forfeitability of each asset. Nevertheless, the Government has decided to decline the forfeiture of two of the four listed assets. More specifically, on December 29, 2021, the Government formally declined the forfeiture of the 2006 Toyota 4Runner, VIN JTEZU17R968043067, and on January 6, 2022, the Government formally declined the forfeiture of the 2020 Nissan Altima, VIN 1N4BL4EVOLC128307. The decision to forego forfeiture of these assets was based solely on the fact that neither asset met the Department of Justice's Net Equity threshold set forth in the Asset Forfeiture Manual at Chapter 1, Section D.1.

The Government contends that the remaining two assets, (1) 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and (2) $4,638.72 in U.S. Currency (Collectively, the "Subject Property") are subject to forfeiture pursuant to 21 U.S.C. § 853, and in accordance with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the Government has taken the "steps necessary to preserve its right to maintain custody", by making the appropriate filings, (1) a Bill of Particulars (Doc. 89), pursuant to the Federal Rules of Criminal Procedure Rule 32.2, and (2) a motion for a 'housekeeping' order pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) (Doc. 98). Furthermore, the Defendant has not provided sufficient evidence to vindicate the assets of their alleged nexus to criminal activity.

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." *See* Fed. R. Crim. P. Rule 41(g). In support of their motion, the statute provides that the court "must receive evidence on any factual issue necessary to decide the motion." *Id.* Here, as previously mentioned, the seizure was authorized by issuance of a Federal Search and Seizure Warrant, and thus, was a lawful seizure. Moreover, in the Defendant's motion he merely asserted details regarding the assets, but no evidence to support that the assets were untainted. Therefore, the Defendant's motion should be denied.

As for the basis for the continued restraint of the Subject Property, the Government contends that both assets were involved in, or traceable to the Title 18 offenses alleged in the Indictment (Doc. 3). In the Defendant's Response (Doc. 235) he admits that the Ford F150 was purchased "approximately 3 years ago", which falls within the timeframe that the Defendant is alleged to have been involved in, and profiting from, the offenses set forth in the Indictment, which include a charge of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h). Similarly, the money order for $4,638.72 was purchased during the timeframe of the scheme, and with funds from a business account that contained proceeds for the scheme.

Wherefore, based reasons set forth above the Government requests that this Court grant the Government's motion (Doc. 98), and permit the United States to maintain custody of the Subject Property through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and find that the United

States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 13th day January 2022.

                    DAVID H. ESTES
                    UNITED STATES ATTORNEY

                    ***/s/ Xavier A. Cunningham***
                    Xavier A. Cunningham
                    Assistant United States Attorney
                    New York Bar No. 5269477
                    P.O. Box 8970
                    Savannah, GA 31412
                    (912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 13th day January 2022.

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney