UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-009 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MR. BUSSEY'S MOTION FOR RETURN OF SEIZED PROPERTY

Brett Donovan Bussey, one of the defendants herein, files this, his Reply to the Government's Response to Motion for Return of Seized Property, doc # 277,[1] and shows this Court the following:

### 1. Statement of Facts and Procedural History

The government originally seized the following property from Mr. Bussey at the time of his arrest on November 17, 2021:

- 2006 Toyota 4Runner , VIN JTEZU17R968043067,

- 2020 Nissan Altima, VIN 1N4BL4EVOLC128307,

- 2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and

- $4,638.72 in U.S. Currency.

---

[1] The government's pleading is styled as a Reply to Defendant's Objection to Motion. See doc. # 277. However, Mr. Bussey didn't file an Objection, he filed a Motion for Return of Seized Property, doc. # 236, along with a Response to the government's Motion for Order, doc. # 235. Under the Local Rules, the government's Reply is actually a Response to a motion. See, Local Criminal Rule 12.1.

See, doc. # 236, p. 3.

The government filed a motion for an order to maintain custody of those properties. Doc. # 98, p. 3-4. Along with filing a response in opposition to that Motion, Mr. Bussey also filed a Motion for Return of Seized Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Doc. # 236. The government has now filed a Reply, doc. # 277, conceding that they have now declined forfeiture of the 2006 Toyota 4Runner and the 2020 Nissan Altima. Doc. # 277, p. 2.[2]

The property now at issue is the 2018 Ford F150 and the $4,638.72 of United States currency. As for the currency seized from Mr. Bussey, it is impossible to tell from the inventory where the $4,638.72 came from, nor does the government's Reply shed light on that issue.

## 2. **Argument and Citation of Authority**

The government makes three assertions in its response to Mr. Bussey's Motion for Return of Seized Property: 1) that the property has evidentiary value, 2) that the requisite nexus exists between the assets and the charged offenses to establish their forfeitability, and 3) that the defendant "has not provided sufficient evidence to vindicate the assets of their alleged nexus to

---

[2] Mr. Bussey learned last week that the government seized more than $23,000 in currency from his business checking account last month. He will be filing appropriate motions regarding that property once he receives his bank statements.

criminal activity." Doc. # 277, p. 2.

Some background is necessary here. A motion for return of seized property under Fed.R.Crim.P. 41(g) is a motion in equity, where courts determine all equitable considerations to make a fair and just decision. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). And Rule 41(g) and its remedies are separate and apart from, and broader than, the judicially created exclusionary rule providing for the suppression of evidence and authorizes the return of even lawfully seized property. *See United States v. Marks*, 2019 WL 437574, *8 (S.D. Texas, January 16, 2018).

To obtain the return of property in the possession of the government when criminal charges are pending, a defendant must generally show: 1) that he is the owner of the seized property, 2) the property is not contraband, and 3) either the seizure was illegal, or the government has no need of the property as evidence. *See Ferreira v. United States*, 354 F. Supp.2d 406 (S.D.N.Y. 2005).

Looking first to the test in *Howell* – that in order to invoke Rule 41(g) the property owner must show he has a possessory interest in the seized property - Mr. Bussey has done that in his Motion for Return of Seized Property. See, doc. # 236, p. 4.

Second, as to the issue of the evidentiary value of the currency and car

-3-

- courts look to the government, which bears the burden of proof in demonstrating a legitimate reason why it continues to require possession of the seized property. *See United States v. Ogbonna,* 34 Fed. Appx. 150 (5th Cir.2005) (citing Fed.R.Civ.P. 41(g), Advisory Committee Notes). Here, the government has made no showing as to the evidentiary need for the property in question. Therefore, the property should be returned.

The third factor is the rub here – whether the property is contraband. The government submits that Mr. Bussey has not submitted any evidence that the 2 assets at issue are "untainted." Doc # 277, p. 3. That position misapprehends the law pertaining to Rule 41 motions. The Eleventh Circuit has specifically held that a "Rule 41(g) movant is not required to attach to his initial motion evidence in support of its allegations." *United States v. Melquiades*, 394 Fed.App'x 578, 581 (11th Cir. 2010). And Rule 41(g) specifically provides that the "court must receive evidence on any factual issue necessary to decide the motion." To be clear, Mr. Bussey disputes that the property at issue is contraband.

WHEREFORE, Mr. Bussey, respectfully requests:

a) that this Court convene an evidentiary hearing, and

b) enter an Order directing the government to return to him the following properties:

-4-

    a.  2018 Ford F150 Super Crew, VIN 1FTEW1E57JF887539, and

    b.  $4,638.72 in U.S. Currency.

Respectfully submitted, this the 27th day of January, 2022.

GILLEN, WITHERS & LAKE, LLC

***/s/ Thomas A. Withers, Esq.***
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated  as a result of electronic filing in this court.

This the 27th day of January, 2022.

GILLEN, WITHERS & LAKE, LLC

***s/ Thomas A. Withers, Esq.***
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com