UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

**UNITED STATE OF AMERICA**

**V.**

**JUANA IBARRO CARRILLO**

CASE No.: 5:21-CR-009

## GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO MOTION (DOC. 98)

As provided in the Government's Motion (Doc. 98), the authority to maintain custody of the lawfully restrained assets fall within two statutory frameworks, (1) 18 U.S.C. § 983, and (2) 21 U.S.C. § 853.

In the matter at hand, Defendant Juana Ibarro Carrillo (hereinafter, the "Defendant") has objected (Doc. 280) to the Government's motion, and request relief with regard to the following assets:

1. One (1) bag of assorted jewelry seized from 423 W. 12th Street, Alma, Georgia containing:
    a. Four (4) rings,
    b. Five (5) bracelets,
    c. Two (20 collections of earrings, and
    d. One (1) necklace
2. One (1) long pink box of miscellaneous jewelry
3. Eighteen (18) Nike shoe boxes containing cash bundles in the total amount of $189,200.00 in U.S. Currency
4. Eighteen (18) Easter bags containing cash bundles in the total amount of $62,480.00 in U.S. Currency
5. $4,400.00.00 in U.S. Currency from 130 Red River Lane Alma, Georgia

6. $20,432.00 in U.S. Currency seized from 163 Johnson Lake Road, Alma, Georgia
7. $60,825.00 is U.S. Currency seized from the Safe Deposit Box 113 at FNB South, Alma, Georgia

The aforementioned assets were seized on or about November 17, 2021, by agents from the Department of Homeland Security – Homeland Secretary Investigations, the U.S. Department of State - Diplomatic Security Service, with support from various other state and local law enforcement agencies. The restraint of the assets was duly authorized by issuance of a federal search and seizure warrant signed by a Magistrate Judge in the Southern District of Georgia.

Following the execution of the warrant, the Government independently determined that items 1 and 2 listed above lacked evidentiary value, and had a tenuous nexus to the charged offenses, therefore they were returned. However, the Government contends that the remaining assets (Collectively, the "Subject Property") are subject to forfeiture pursuant to 21 U.S.C. § 853, as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the charged offenses, and property used, or intended to be used, to commit, or to facilitate the commission of the charged offenses.

Following the seizure the Government made the appropriate filings, to include a Bill of Particulars (Doc. 89) pursuant to the Federal Rules of Criminal Procedure Rule 32.2 and a motion for a 'housekeeping' order pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) (Doc. 98).

Wherefore, based reasons set forth above the Government requests that this Court grant the Government's motion (Doc. 98), and permit the United States to maintain custody of the Subject Property through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and find that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted this 28th day January 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Xavier A. Cunningham*
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, GA 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

The 28th day January 2022.

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney