0UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-09 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT BRETT BUSSEY'S
## MOTION FOR BILL OF PARTICULARS

Defendant Brett Bussey files this, his Motion for a Bill of Particulars pursuant to Rule 7 of the Fed. Rules of Criminal Procedure, and shows the Court the following:

**1) Introduction.**

Although a bill of particulars cannot save an invalid indictment, *see Russell v. United States*, 369 U.S. 765, 770 (1962), where an indictment is minimally sufficient, the Court can require a bill of particulars to detail the false statements it alleges the defendant made. *Will v. United States*, 389 U.S. 90, 98-9 (1967). The Court has broad discretion to grant a request for a bill of particulars, which serves "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the

1

event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

Rule 7 of the Criminal Rules provides that "[t]he court may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). As the Eleventh Circuit has held:

> The purpose of a true bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted); *see also* 8 J. Moore, Moore's Federal Practice ¶ 7.06[1] (2d ed. 1986). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981).

*United States v. Anderson*, 799 F.2d 1438, 1441–1142 (11th Cir. 1986).

The Notes to Rule 7 state that the Rule "is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Fed.R.Crim.P. 7 (1966 Amends.). Trial courts "have always had very broad discretion in ruling upon requests for such bills…" *Will*, 389 at 99 (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)).

The complex nature of this case favors a bill of particulars. In *Will*, the Court noted that the complex nature of the prosecution favored disclosure of a bill of particulars identifying the witnesses who allegedly heard the defendant's incriminating statements. *Will*, 389 U.S. at 100-01.

Discovery in this case is voluminous, and while that may weigh against a bill of particulars in some cases, courts recognize that there is a point at which voluminous discovery cuts strongly in favor of particularization, see, e.g., *United States v. Bortonovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam) ("mountains of documents" totaling 4,000); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) ("200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims"); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("[I]t is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided or by relying on a governmental open file policy."). As of October, 2022, the government had produced more than 15 terabytes of discovery with an index covering 3,776 pages. Doc # 461, p. 2-3. The government discovery disclosures have continued through February 2023, more than 17 months after indictment. Doc # 549, p. 2-3. The discovery is not 4,000 documents (as in *Bortonovsky*)

or 200,000 pieces of paper (as in *Nachamie*). It is instead 15 terabytes of electronic information applicable to 24 defendants in a 54-count indictment.

The volume of documents weighs in favor of a bill of particulars, because Mr. Bussey cannot reasonably be expected to glean from that mountain of documents the particulars of the government's case. And, in fact, in *Bortonovsky*, 820 F.2d at 575, the Second Circuit reversed the mail fraud conviction based on an erroneous denial of request for particulars where the government "provid[ed] mountains of documents to defense counsel who were left unguided as to which documents" were evidence of falsity.

Similarly, in *United States v. Trie*, 21 F.Supp.2d 7 (D.D.C. 1998), the defendant was alleged to have made false statements to the government. The court required the government to identify the specific false statements at issue noting that a defendant faced with false statement charges should not have to waste precious pretrial preparation time guessing which false statements he has to defend against when the government knows precisely the statements on which it intends to rely.

**2) Mr. Bussey Requests the Following Particulars.**

The government should specify:

4

## A. Mail Fraud Conspiracy (Count 1).

1) Every false and fraudulent representation alleged to have been made by Mr. Bussey at Indictment page 11, ¶ 33, and p. 12, ¶ 35 (paragraphs 1 through 37 are incorporated into count one).

2) For each false and fraudulent representation, the government should identify:

   a) who made the representation,

   b) the precise content of the representation,

   c) the date of the representation,

   d) to whom the alleged representation was made, and

   e) why the representation is claimed to be false or fraudulent.

3) Specify how each of the following assisted Mr. Bussey in filing fraudulent petitions:

   - Codefendant Juana Ibarra Carrillo, p.9, ¶ 26,

   - Codefendant Donna Rojas, p. 10, ¶ 27,

   - Codefendant Margarita Maggie Rojas Cardenas p. 10, ¶ 28, and

   - Linda Jean Facundo, p. 12, ¶ 34.

4) For each fraudulent petition, the government should,

   a) identify which petition each of the named conspirators assisted with, and

  b) the representation claimed to be false or fraudulent in each petition.

5) As to each fraudulent mailing described in count one, p. 14, ¶ 40, the government should identify:

  a) the petition alleged to be fraudulent, and

  b) the representation in the petition claimed to be false or fraudulent.

  **B. Mail Fraud (Counts 4 – 7).**

1) As to counts 4 – 7, mail fraud, p. 32-33, ¶¶ 65 – 66 (a) – (c), the government should, for each false and fraudulent representation alleged, identify:

  a) the precise content of the false or fraudulent representation,

  b) the representation in the petitions claimed to be false or fraudulent, and

  c) why the representation is claimed to be false or fraudulent.

2) Identify each I-129 petition that contains "fraudulent signatures" and "fake documents for purported employers," p. 32, ¶ 66 (b),

3) Identify:

  a) Each "fraudulent signature," and

  b) Each "fake document[ ] for purported employers."

### C. Conspiracy to Engage in Forced Labor (Count 8).

1) As to count 8 identify:

    a) Each act Mr. Bussey conducted to further the conspiracy to engage in forced labor,

    b) The amount of financial benefit Mr. Bussey received from the alleged conspiracy to engage in forced labor,

    c) Each act of others that Mr. Bussey was aware of to further the conspiracy to engage in forced labor.

        i. When Mr. Bussey became aware of the act of others to conspire to engage in forced labor, and

        ii. How Mr. Bussey became aware of the act of others to engage in forced labor.

### D. Money Laundering Conspiracy.

1) As to count 53, identify:

    a) Each act Mr. Bussey conducted to further the conspiracy to engage in promotion money laundering with specified unlawful activity, p. 41, ¶ 75 (1),

    b) Each act Mr. Bussey conducted to further the conspiracy to transport cash to the United States from or through a place outside of the United States, p. 41, ¶ 75 (2),

2) Each act of others that Mr. Bussey was aware of to further the money laundering conspiracy.

3) When Mr. Bussey became aware of the act of others to engage in a money laundering conspiracy, and

4) How Mr. Bussey became aware of the act of others to engage in a money laundering conspiracy.

5) As to each financial transaction conducted by Mr. Bussey in furtherance of the money laundering conspiracy:

   a) The date of the financial transaction conducted by Mr. Bussey in furtherance of the money laundering conspiracy,

   b) The amount of the financial transaction conducted by Mr. Bussey in furtherance of the money laundering conspiracy,

   c) The individual who conducted the financial transaction, and

   d) The institution at which the financial transaction was conducted.

As noted above, these essential facts are missing from the indictment. Courts have found that the government's approach here – alleging a fraud or false statements without fleshing out the statements themselves is insufficient in complex fraud cases. *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (noting that, "[i]n the case of fraud or perjury,

it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents" and ordering bill of particulars setting forth that information); *Nachamie*, 91 F. Supp. 2d at 571 (ordering identification of particular false statements in health care fraud case where indictment generally described "five ways in which claims were falsified" but did not specify false claims "by defendant, type of falsity, claim number and date"); *United States v. Caine*, 270 F. Supp. 801, 806 (S.D.N.Y. 1967) (ordering government to identify "each pretense, representation and promise claimed to have been falsely fraudulent" in a scheme involving claims in advertisements).

WHEREFORE, based upon all of the reasons and authorities cited above, Mr. Bussey respectfully requests that this Court grant his Bill of Particulars.

This 12th day of July, 2023.

>/s/Thomas A. Withers, Esq._
> Attorney Bar Number: 772250
> Attorney for Defendant Brett Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 12th day of July, 2023.

*/s/Thomas A. Withers, Esq.*
Attorney Bar Number: 772250
Attorney for Defendant Brett Bussey

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@gwllawfirm.com