**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 5:21-CR-9-12** |
| | ) | |
| **DELIA IBARRA ROJAS** | ) | |

### DEFENDANT DELIA IBARRA ROJAS' MOTION TO SEVER

COMES NOW, Defendant Delia Ibarra Rojas, by and through undersigned counsel, and files this Motion to Sever under Federal Rule of Criminal Procedure 14(a), moving to sever her trial from that of her co-defendants.  Ms. Delia Ibarra Rojas shows that severance is warranted on the grounds of a serious risk of prejudice to her from any joint trial with her co-defendants, who are alleged to have committed murder, kidnapping, and rape.

## I.  INTRODUCTION

The indictment alleges that 24 individuals, including Delia Ibarra Rojas, from at least 2015 through October 2021, were members of a criminal organization engaging in international forced labor trafficking, mail fraud and money laundering.  *See* Doc. 3 ¶¶ 1,9.  The indictment alleges that the defendants mailed false Form 1-129s, Petitions for Nonimmigrant Workers, to the government for 71,000 foreign workers to enter the United States, and fraudulently caused the government to issue thousands of H2-A visas, and the defendants profited from the alleged trafficking.  Id. at ¶¶ 9, 11.

The government charges Delia Ibarra Rojas with one count of conspiracy to commit mail fraud, one count of conspiracy to engage in forced labor, three counts of forced labor, and one

count of conspiracy to commit money laundering. *Id*. at ¶¶ 38-76.

The government identifies 66 victims of the Defendants' alleged activity. *Id*. ¶¶ 63, 70, 72, 73. The Indictment alleges that two victims died, *Id*. at ¶¶ 63(y), (cc), and that another victim was kidnapped, raped and almost murdered. *Id*. at ¶ 63(v). Other victims were kept in work camps, while others were kept in a single-room trailer with little or no food and without safe drinking water. *Id*. at ¶¶ 63(aa), (gg). Victims were also kidnapped and threatened with guns or violence. *Id*. at ¶¶ 63(z), (ff). The government further alleges that:

• Between September and November 2019, one victim was kidnapped and repeatedly raped, and some Defendants attempted to kill the victim, *Id*. at ¶ 63(v);

• In June 2019, a victim died, *Id*. at ¶ 63(y);

• Three victims were kidnapped in March and April 2020 and were threatened with death and with violence towards their families, *Id*. at ¶63(z);

• From April to July 2020, one victim was forced to live in a hazardous trailer and was not allowed water breaks while working harvesting crops, *Id*. at ¶ 63(bb);

• From February to September 2020, seven victims were forced to live in a single room trailer with little or no food and without safe water, *Id*. at ¶ 63(aa);

• From December 2020 to January 2021, two victims were forced to live in cramped, dirty quarters with little or no food, *Id*. at ¶ 63(dd);

• In April and May 2021, nine victims were forced to live in cramped, single room trailers with little or no food and were threatened with violence, *Id*. at ¶ 63(ff); and

• In April 2021, 12 victims were forced to live in cramped, dirty trailers with leaking raw sewage in a work camp surrounded by an electric fence, *Id*. at ¶ 63(gg).

Subjecting Delia Ibarra Rojas to a trial in which highly inflammatory evidence of murder, rape, kidnapping, threats of violence, and persons being held captive in inhumane conditions presents a serious risk that the jury will be unable to separate the evidence against her from that of her co-defendants. The risk is that the jury will convict Delia Ibarra Rojas based only on the mere fact that she is charged or associated with the other Defendants, in violation of her right to due process and a fair trial. Under Rule 14(a), the Court should sever any trial of Delia Ibarra Rojas from that of her co-defendants.

## II. ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules of Criminal Procedure state that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *accord United States v. Feldman*, 936 F.3d 1288, 1297 (11th Cir. 2019) ("If it appears that a joint trial will prejudice a defendant or the Government, the district court may sever the defendants' trials") (citing Fed. R. Crim. P. 14(a)).

Delia Ibarra Rojas fully acknowledges that there is a preference for joint trials of defendants. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Yet the rule that defendants who are indicted together are usually tried together is not ironclad. *See United States v. Mosquera*, 886 F.3d 1032, 1041 (11th Cir. 2018) (citing *United States v. Lopez*, 649 F.3d 1222, 1235–36 (11th Cir. 2011)). A court should sever the trials of defendants where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at

539. "'In assessing the merits of a severance motion, the district court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy.'" *United States v. Feldman*, 936 F.3d 1288, 1297 (11th Cir. 2019) (quoting *United States v. Eyster*, 948 F.2d 1196, 1213 (11th Cir. 1991)). A defendant's burden in establishing a serious risk of prejudice is heavy. See *Mosquera*, at 1041 (quoting *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011)). Furthermore, a trial court's duty to sever when prejudice appears continues throughout the trial. *See United States v. Crawford*, 581 F.2d 489, 492 (5th Cir. 1978) (citing *Schaffer v. United States*, 362 U.S. 511 (1960); *United States v. Clark*, 480 F.2d 1249 (5th Cir. 1973)).

Introduction of evidence of murder, rape, kidnapping, threats and confining victims in squalid and inhumane conditions, involving many victims, would prejudice Delia Ibarra Rojas within the meaning of Rule 14(a). Severance may be warranted where "a cumulative and prejudicial 'spill over' may prevent the jury from sifting through the evidence to make an individualized determination of guilt as to each defendant." *Mosquera*, 886 F.3d at 1041 (citing *United States v. Chavez*, 584 F.3d 1354, 1360–1361 (11th Cir. 2009)). "[P]rejudice from being tried jointly 'can come in various forms, including jury confusion, the impact of evidence that is admissible against only some defendants, and 'spillover' effects where the crimes of some defendants are more horrific or better documented than the crimes of others." *United States v. Martinez*, 994 F.3d 1, 15-16 (1st Cir. 2021). Admission of the evidence of violent crimes and abuse poses a serious risk that the jury will be unable to separate that evidence from the alleged evidence relating to Delia Ibarra Rojas and will be unable to make a fair and reliable determination of regarding the case against Delia Ibarra Rojas.

The extreme risk of prejudice to Delia Ibarra Rojas from potential admission of these inflammatory acts outweighs any asserted public interest in judicial economy or efficiency. As the Court of Appeals has recognized, "judicial economy must yield to a defendant's right to a fair trial." *United States v. DiBernardo*, 880 F.2d 1216, 1228 (11th Cir. 1989).  Courts have held that severance is proper, and that a refusal to sever constitutes an abuse of discretion and grounds for reversal, where prejudicial evidence is introduced relating to co-defendants, including where the government exposed the jury to days of evidence relating to a public corruption scheme in which the defendant was not charged, see *Martinez*, 994 F.3d at 16; where the prosecution introduced testimony at trial regarding the tactics and activities, including a murder, of a gang with which the defendants were not associated, see *United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998); where the trial court admitted evidence of a murder by a co-defendant in which the defendant was not involved, see *United States v. Engleman*, 648 F.2d 473, 476 (8th Cir. 1981); where a defendant charged with false statements was tried jointly with co-defendants charged with conspiracy to assassinate and commit murder, see *United States v. Sampol*, 636 F.2d 621, 643 (1980); and where there is a gross disparity in the weight of the evidence presented against co-defendants. *United States v. Shankman*, 13 F.Supp.2d 1358, 1367-69 (S.D. Ga. 1998).

Here the Government is expected to introduce many instances of inflammatory and prejudicial evidence in the event of a joint trial of the defendants. Twenty-four defendants are charged in an alleged conspiracy lasting for six years or more. The defendants are alleged to have engaged in a wide range of conduct. "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, th[e] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539 (quoting *Kotteakos v. United States*, 328 U.S. 750 (1946)).

Even with limiting instructions, the jury will be unable to keep separate the evidence that is relevant to each defendant, and to Delia Ibarra Rojas, and render a fair and impartial verdict as to Delia Ibarra Rojas. See *United States v. Salomon,* 609 F.2d 1172, 1173–77 (5th Cir. 1980) (quoting *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978); quoting *Tillman v. United States*, 406 F.2d 930, 935 (5th Cir. 1969)). The Court should find that a joint trial of Delia Ibarra Rojas with the co-defendants presents a serious risk of prejudice to her which outweighs any public interest in judicial efficiency and should sever any trial of Delia Ibarra Rojas from any trial of the other defendants, under Rule 14(a).

### III. CONCLUSION

Based on the reasons and authorities cited above, Delia Ibarra Rojas respectfully requests that her Motion for Sever be granted.

Respectfully submitted this 15th of December, 2023.

*/s/ Katie A. Brewington*
Katie A. Brewington
GA Bar No. 192610

The Brewington Law Firm, LLC
P.O. Box 11153
Savannah, GA 31412
P:  912-704-0858
kabrewington@gmail.com

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 5:21-CR-9-12** |
| | ) | |
| **DELIA IBARRA ROJAS** | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 15th day of December, 2023.

*/s/ Katie A. Brewington*
Katie A. Brewington
GA Bar No. 192610

The Brewington Law Firm, LLC
P.O. Box 11153
Savannah, GA 31412
P: 912-704-0858
kabrewington@gmail.com