UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CASE NO. 5:21-CR-9-12 |
| ) | |
| DELIA IBARRA ROJAS ) | |

**DEFENDANT DELIA IBARRA ROJAS' MOTION TO DISMISS COUNT 1 - MAIL FRAUD CONSPIRACY**

COMES NOW, Defendant Delia Ibarra Rojas, by and through undersigned counsel, and files this Motion to Dismiss Count 1, Mail Fraud Conspiracy, of the Indictment, pursuant to Fed.R.Crim.P 12(b)(2), Fed.R.Crim.P. 12(b)(3)(B), and the Due Process Clause of the Fifth Amendment and respectfully shows as follows:

**I.  INTRODUCTION**

Delia Ibarra Rojas is charged with conspiracy to commit mail fraud in violation of 18 U.S.C. §1349 (Count 1), conspiracy to engage in forced labor in violation of 18 U.S.C. §1594 (Count 8), forced labor in violation of 18 U.S.C. §1589(b) (Counts 9-11), and conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h) (Count 53). Doc. 3  This motion focuses only on Count 1, the mail fraud conspiracy.

The indictment alleges on pages 2-12 the defendants and their supposed roles in the criminal organization. The indictment alleges that Delia Ibarra Rojas is the head of the Rojas family and she laundered money for the criminal organization by smuggling cash across the border and funneling money through casinos. *Id*. p. 9, ¶ 25.

Count one alleges a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. *Id*. pgs. 13–31. The government alleges that the scheme to defraud was executed by means of materially false and fraudulent pretenses, representations and promises with the object to make money in part by mailing fraudulent petitions, *Id*. p. 14, ¶¶ 39-40, defined earlier to be I-129 petitions. *Id*. p. 4, ¶ 4.

The indictment alleges that it was part of the conspiracy that the conspirators located in the United States would prepare and mail fraudulent I-129 petitions. *Id*. p. 15, ¶ 45.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Legal Standard

Rule 7 of the Federal Rules of Criminal Procedure mandates that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P (7)(c)(1). That requirement codifies the basic principles of fundamental fairness inherent in the Sixth and Fifth Amendments. *Russell v. United States*, 369 U.S. 749, 763-66 (1962). The Supreme Court has "identified two constitutional requirements for an indictment: first, [it must] contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second [it must] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974); *accord United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (*en banc*) (citing *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998)).[1] From a practical standpoint,

---

[1] Unless otherwise indicated, all references to citations and quotations have been omitted and all emphasis added.

these two requirements are closely related in the sense that any indictment failing to satisfy the first requirement would likely fail to satisfy the second.

To pass constitutional muster, an indictment must include a description of the charges sufficiently detailed to 1) enable the defendant to prepare his defense, 2) ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, 3) enable him to plead jeopardy against a later prosecution and 4) inform the court of the facts alleged so that it can determine the sufficiency of the charges. *United States v. Cecil*, 608 F.3d 1294, 1296 (9th Cir. 1979) (per curium); *Russell*, 369 U.S. at 764; *see also, e.g., United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) (reversing healthcare fraud conviction where "indictment ma[de] only a broad allegation of fraud in a health care benefit program without the required specificity," and noting that "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient").

Generally, a facially valid indictment returned by a duly constituted grand jury suffices to call for a trial on the merits of the charges set forth therein. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406 (1956). Therefore, a motion challenging the sufficiency of an indictment must be decided by examining only the "face" of the indictment. *See United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007) (citing *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)). However, a defendant may raise, by pretrial motion, any defense "that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b).

In interpreting the language in an indictment, the former Fifth Circuit instructed that where an indictment "is subject equally to one of two interpretations, one of which states an offense and the other which does not, the indictment is insufficient since there is no assurance

that the Grand Jury would have returned the indictment had the words been employed in the sense necessary to sustain the conviction." *Standard Oil Co. of Texas v. United States*, 307 F.2d 120, 130 (5th Cir. 1962)[2] (citing *Smith v. United States*, 360 U.S. 1, 79 S.Ct. 991 (1959); *Beitel & Brownrigg v. United States*, 306 F.2d 665 (5th Cir., 1962); *Russell*, 369 U.S. 749).

To inform the defendant of the charges, however, the indictment must contain "such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-118. Tracking the language of the statute, alone, is inadequate. That rule reflects the settled understanding that a "crime is made up of facts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." *United States v. Hess*, 124 U.S. 483, 487-488, 8 S.Ct. 571 (1888).

The purpose of this requirement is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Russell*, 369 U.S. at 768. "Another reason . . . and one sometimes overlooked, is to enable the court to decide whether the facts alleged are sufficient in law to withstand a motion to dismiss the indictment." *Id.*, at 768 n. 15.

Far from being unnecessary, unduly formal, or anachronistic, "these basic principles of fundamental fairness retain their full vitality under modern pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure." *Russell*, 369 U.S. at 765; *see* Fed.R.Crim.P. 7(c)(1) (requiring indictment to contain "plain, concise, and definite written statement of the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

essential facts constituting the offense charged"). It is therefore "perfectly proper, and in fact mandated, that [a] district court dismiss an[y] indictment" that "fails to allege <u>facts</u> which constitute a prosecutable offense." *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cit. 1983); *accord United States v. Cure*, 804 F.2d 625, 627 (11th Cir. 1986).

### A. The Allegedly Fraudulent Representations are Essential Facts that the Indictment Must Identify.

The mail fraud conspiracy alleges that the conspirators executed a "scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises . . ." Doc. 3, p. 14. The object of the conspiracy the indictment alleges was, among other things, to make money from illegal activities by mailing fraudulent petitions. *Id*. p. 14, ¶ 40.

Similarly, the substantive mail fraud counts allege that the defendants devised a scheme to defraud the United States government to obtain "money by means of false and fraudulent pretenses, representations and promises . . ." *Id*. p. 32, ¶ 65. It was part of the scheme, the indictment alleges, that the defendants,

- completed I-129 petitions with false and fraudulent information,

- obtained fraudulent signatures and fake documents for purported employers in the United States, and

- mailed the false and fraudulent petitions. *Id*. p. 32-33, ¶¶ 66 (a)-(c).

However, the indictment does not identify a single allegedly fraudulent statement, fraudulent signature, fake document, or representation. The indictment, therefore, falls well short of the standards set by the Constitution and the Federal Rules.

In order to prevail on a charge of mail fraud, the government must prove, (1) the defendant knowingly devised or participated in a scheme to defraud by using false or fraudulent pretenses, representations, or promises; (2) the false or fraudulent pretenses, representations, or promises were about a material fact; (3) the defendant intended to defraud someone; and (4) the use of the mails to help carry out the scheme to defraud. Eleventh Circuit Pattern Instruction No. 051.0. By using the common-law term "defraud," the statute implicitly requires misrepresentation or concealment of a material fact. *Neder v. United States*, 527 U.S. 1, 21-25 (1999).

An indictment must adequately allege each element of the offense, and although the statutory language may be used in the general description of the offense, that description must be accompanied by a statement of facts and circumstances that will inform the accused of the specific offense with which he is charged. *Russell*, 369 U.S. at 765. The level of particularity required to fulfill the constitutional purposes of an indictment varies depending on the statute and the nature of the crime. An indictment must provide greater particularity where the statute defines the elements of the offense in generic terms. *Id*.

Courts have recognized the need to include factual particularity above and beyond the generic statutory language in indictments charging mail or wire fraud because of the generic nature of the term "scheme to defraud." "[A]n indictment [that] alleges a scheme to defraud under the . . . wire fraud statute[] . . . must specify facts not merely in the general words of the statute, but with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation." *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (alterations and internal quotation marks omitted) (noting that the definition of fraud is

"not capable of precise definition"); see *United States v. Curtis*, 506 F.2d 985, 992 (10th Cir. 1974) (citing *Russell* in holding that wire fraud indictment needs to provide a "fair indication of the nature and character of the scheme or artifice relied upon, or the false pretense, misrepresentations, or promises forming a part of it"); accord *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) ("Indictments alleging a scheme to defraud must provide sufficient facts to fulfill the purposes of the indictment."). Courts have recognized this principle in analogous contexts where the falsity of a statement determines guilt or innocence. See *United States v. Slawick*, 548 F.2d 75, 83-84 (3d Cir. 1977) (reversing perjury conviction where indictment failed precisely to state the alleged false statements); *United States v. Nance*, 533 F.2d 699, 700-02 (D.C. Cir. 1976) (per curium) (dismissing counts in indictment alleging false pretense fraud under D.C. law for failure to identify "the factual particulars of the false representations" that were "the very core of the offense").

### B. The Indictment's Failure to Identify the Alleged Fraudulent Representations Renders it Unconstitutionally Vague.

The indictment is unconstitutionally vague as it does not identify any of the allegedly false representations or pretenses that are the core of the scheme to defraud.

The indictment's failure to allege the fraudulent or false nature of the I-129 Petitions undermines the core purpose of an indictment. Delia Ibarra Rojas cannot prepare her defense without knowing what false and fraudulent information was included in the I-129 Petitions, or what false and fraudulent pretenses and representations she made. And, neither this Court, nor the defense can be confident that the grand jury determined what false and fraudulent

representations Delia Ibarra Rojas made. Therefore, Count 1 of the indictment should be dismissed.

WHEREFORE, based on all of the reasons and authorities cited above, Delia Ibarra Rojas respectfully requests that her Motion to Dismiss Count 1 be granted.

Respectfully submitted this 15th of December, 2023.

>*/s/ Katie A. Brewington*
>Katie A. Brewington
>GA Bar No. 192610

The Brewington Law Firm, LLC
P.O. Box 11153
Savannah, GA 31412
P: 912-704-0858
kabrewington@gmail.com

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.   ) | CASE NO. 5:21-CR-9-12 |
| ) | |
| DELIA IBARRA ROJAS   ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 15th day of December, 2023.

>*/s/ Katie A. Brewington*
> Katie A. Brewington
> GA Bar No. 192610

The Brewington Law Firm, LLC
P.O. Box 11153
Savannah, GA 31412
P: 912-704-0858
kabrewington@gmail.com