IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 5:21-CR-009-LGW-BWC-16 |
| JUAN FRANCISCO ALVAREZ CAMPOS | ) | |

MOTION FOR SEVERANCE

Comes now Defendant Juan Francisco Alvarez Campos, by and through undersigned counsel, and hereby files this Motion For Severance, pursuant to Fed.R.Crim.P. 14. The Government indicted a three groups of Defendants who are not linked by a common "act or transaction, or in the same series of acts or transactions …". The Court should grant this Motion because evidence admitted against some Defendants will not be admissible against others, and because of undue prejudice to Mr. Campos if he is forced to a joint trial.

Mr. Campos will first review the indictment. Next, Mr. Campos will show that the Court should grant this Motion.

### THE INDICTMENT

The indictment alleges a far-flung scheme to supposedly engage in mail fraud and money laundering as part of a forced labor trafficking scheme. All 24 Defendants are named in three separate conspiracies (mail fraud, forced labor and money laundering). A few Defendants are named in substantive wire fraud or forced labor

crimes. Three Defendants are charged with trying to influence a Grand Jury Witness. Mr. Campos is named only in the three conspiracy charges, the object of which were to commit mail fraud, forced labor crimes and money laundering.

In its "speaking indictment" the Government sets out in paragraphs 14-37 its basic view of both the allegations and the role of each Defendant. A close review demonstrates that the Government has brought charges against three groups that are not connected with one another.

Paragraphs 14-24 alleges a series of connections between and crimes committed by the first eleven named Defendants. Paragraphs 25-34 allege crimes and connections by the next ten named Defendants. Finally, paragraphs 35-37 allege connections among and crimes committed by the last three named Defendants.

Paragraphs 63-a through 63-iii allege the "overt acts" allegedly in furtherance of the supposed mail fraud conspiracy set out in the first Count. While these paragraphs demonstrate internal connections among members in each of the three groups, there is no allegation of a connection between the groups. The same is true for the remaining counts of the indictment. The only connection is that all the alleged crimes arose out of the farm labor context in the Southern District.

The Government has lumped charges together in a single indictment that are not connected to one another, except for the subject matter. This is insufficient to join all 24 accused individuals in the same case. Even if joinder is appropriate, Mr. Campos's case should be severed from the other Defendants pursuant to Fed.R.Crim.P. 14.

**SEVERANCE SHOULD BE GRANTED**

There are a number of reasons that a Court should sever Defendants who have been named in the same indictment. One reason is where inculpatory evidence will be admitted against one Defendant that is not admissible against the others. Alternatively, a severance should be granted where the cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence so as to make an individualized determination as to each Defendant. <u>United States v. Chavez</u>, 584 F. 3d 1354, 1360-61 (11th Cir. 2009).

Evidence that the Government may use against the other named Defendants will likely not be admissible against Mr. Campos. One example is the evidence related to the death of two farm laborers. Nothing connects Mr. Campos to this incident yet the jury deciding his case will subjected to this evidence.

Defendant has filed a separate Motion showing that the joinder of the three groups of Defendants into a single case violates

Fed.R.Crim.P. 8(b). If the Court does not grant that Motion a joint trial will necessarily include vast quantities of information that does not relate to Mr. Campos and which is inadmissible against him. For this reason alone, severance should be granted.

Additionally, Rule 14 permits severance of Defendants if a joint trial otherwise causes undue prejudice to one or more Defendants. Here, the government failed to allege an overarching conspiracy among the Defendants. Instead, this case will be a series of three separate conspiracies involving distinct Defendants and locations. This by itself will cause undue prejudice. Furthermore, the government has evidence that some Defendants made incriminating statements. If such Defendant's decide to not testify in their defense, the Court will need to confront the thorny Confrontation Cause issues arising from this situation. Finally, in his separate Motion to Dismiss, Mr. Campos has demonstrated that virtually no evidence demonstrates that he committed any crime. A jury will be incapable of excising out his case from the mountain of evidence likely to be admitted regarding the others. Mr. Campos asks that this Court recommend that this Motion be granted and that his case should be severed from the trials against all other Defendants in this matter.

*(signature on following page)*

Dated: This 15th day of December 2023.

                                      Respectfully submitted,

                                      */s/ Paul S. Kish*
                                      PAUL S. KISH
                                      Georgia State Bar No. 424277
                                      Attorney for JUAN ALVAREZ CAMPOS

Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 15th day of December 2023.

/s/ *Paul S. Kish*
PAUL S. KISH
Georgia State Bar No. 424277
Attorney for JUAN ALVAREZ CAMPOS

Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com