IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 5:21-cr-00009-LGW-BWC-4 |
| | ) | |
| | ) | |
| ANTONIO CHAVEZ RAMOS | ) | |
| a/k/a Tony Chavez | ) | |

## MOTION TO SEVER

Comes now Defendant Antonio CHAVEZ Ramos, by and through undersigned counsel, and hereby files this Motion for Severance, pursuant to Fed.R.Crim.P. 14. The Government indicted (at least) three groups of Defendants who are not linked by a common "act or transaction, or in the same series of acts or transactions …". The Court should grant this Motion because evidence admitted against some Defendants will not be admissible against others, and because of undue prejudice to Mr. Chavez if he is forced to a joint trial.

Mr. Chavez will first review the indictment, with a breakdown of the allegations against (at least) three distinct groups of Defendants. Next, Mr. Chavez will show that the Court should grant this Motion to Sever the Defendant from said Indictment[1].

---

[1] Defendant has filed a separate Motion to Dismiss for Misjoinder as his preferred remedy available to the Court, with severance in the alternative.

## THE INDICTMENT

The October 5, 2021 indictment alleges a wide-ranging scheme to supposedly engage in mail fraud and money laundering as part of a forced labor trafficking scheme. All 24 Defendants are named in three separate conspiracies (mail fraud, forced labor and money laundering). A few Defendants are named in substantive wire fraud or forced labor crimes. Three Defendants are charged with trying to influence a Grand Jury Witness. **Mr. Chavez is charged in the three conspiracy charges, the object of which were to commit mail fraud, forced labor crimes, and money laundering. He is also charged with the substantive count of Forced Labor under 18 U.S.C. § 1589(b).**

In its "speaking indictment" the Government sets out in paragraphs 14-37 its basic view of both the allegations and the role of each Defendant. A close review demonstrates that the Government has brought charges against (at least) three groups, that are not sufficiently connected with one another.

- "Group A" appears to consist of Maria Patricio and direct associates (including her family) whose alleged conduct involves the filing of fraudulent H-2A petitions; **"Group A" will herein be referred to as the "Maria Patricio Petitions Group."** Defendants in this group are alleged to have committed mail fraud in the mailing

of the fraudulent petitions, with intentional participation in the overall scheme to commit forced labor. While unclear from the Indictment or discovery, it appears that the "serious harm" alleged against this group of Defendants, in order to prove the underlying Forced Labor crimes, is centered upon financial harm, violations of civil labor laws like "pay[ing foreign workers in cash without pay stubs" (¶ 51), or "requir[ing] the foreign workers to pay for their border crossing fees, transportation fees, lodging fees, and food expenses," and other similar labor violations that can be argued as enough to justify "serious financial harm." It seems appropriate to also include in this group the Defendants accused of forced labor related to the accidental, not-causally-connected death of a worker due to heat stroke. See Indictment, Paragraph 63, subparagraphs w-y. As best can be identified from the Indictment, Group A appears to include 5 Defendants: Maria Leticia Patricio, Daniel Mendoza, Antonio Chavez Ramos, JC Longoria Castro, and Victoriano Chavez Hernandez. See Indictment, ¶¶ 14-37, ¶ 63, sub-paragraphs a-hhh.

- "Group B" appears to consist of Defendants who are alleged to have committed intentional acts of forced labor through physical force or threats of force or manipulation of law. For the conspiracy alleged in count eight (8) against Mr. Chavez and all

other twenty-two (22) co-Defendants, the offense included the "kidnapping" of four (4) victims, along with "aggravated sexual abuse" and an "attempt to kill" of two others. Indictment, ¶ 70. Allegations here include "forc[ing] foreign workers to work in agriculture fields…for little to no pay," (¶ 50), or "forc[ing]" foreign workers to live in crowded, unsanitary, and degrading conditions," (¶ 52), while "threaten[ing] workers with deportation or violence…" (¶ 53), "confiscate[ing] their passports…to prevent the workers from leaving or contacting law enforcement," (¶ 49) or "forcing foreign workers to pay additional fees to get their passports and H-2A visas back from conspirators" (¶56). **"Group B" will herein be referred to as the "Withholding Documents & Physical Force Group."** As best can be identified from the Indictment, Group B appears to include about 7 Defendants: Nery Rene Carrillo-Najarro, Enrique Duque Tovar, Jose Carmen Duque Tovar, and Charles Michael King, Stanley Neal McGauley, Gumara Canela, and Daniel Merari, including also few Defendants who overlap with the other main groups – like Maria Patricio, Daniel Mendoza, and Donna Rojas (as examples but not an exclusive list). See Indictment, ¶¶ 14-37; ¶ 63, sub-paragraphs a-hhh.

- "Group C" appears to consist of Defendants who are named in specific acts of money laundering (alleged in paragraph 76,

4

sub-paragraphs a-v) and their associates who filed fraudulent H-2A petitions completely separate and apart from the filings involved with the "Maria Patricio Petitions Group." **"Group B" will herein be referred to as the "Rojas Family Petition & Laundering Group."** As best can be identified from the Indictment, Group C appears to include 12 Defendants: Luis Alberto Martinez, Delia Ibarra Rojas, Juana Ibarra Carrillo, Donna Michelle Rojas, Margarita Rojas Cardenas, Juan Francisco Campos, Rosalva Garcia Martinez, Esther Ibarra Garcia, Rodolfo Martinez Maciel, Brett Donavan Bussey, Linda Jean Facundo, and Carla Yvonne Salinas. See Indictment, ¶¶ 14-37, ¶ 63, sub-paragraphs a-hhh.

Paragraphs 14-24 alleges a series of connections between and crimes committed by the first eleven named Defendants. Paragraphs 25-34 allege crimes and connections by the next ten named Defendants. Finally, paragraphs 35-37 allege connections among and crimes committed by the last three named Defendants. Paragraphs 63-a through 63-iii allege the "overt acts" allegedly in furtherance of the supposed mail fraud conspiracy set out in the first Count.[2]

While these paragraphs demonstrate internal connections among some members in each of the three groups, there is no allegation

---

[2] There are no overt acts or means/manner of the conspiracy alleged for any of the conspiracy charges other than mail fraud.

5

of a connection between the groups. The same is true for the remaining counts of the indictment. While Defendants who are members of different groups may ultimately be charged with the same offense violations of the U.S. code, the evidence that would be used to prove guilt of the Defendants in a separate group is different, unrelated, and likely inadmissible against the Defendants in the separate group. **To illustrate, while Mr. Chavez may be ultimately charged with mail fraud and forced labor as part of his involvement with Group A, he has no connection whatsoever to Group C (nor does the Indictment or evidence suggest a connection); therefore, the evidence that is ultimately presented to prove mail fraud and forced labor against the Defendants in Group C is not admissible nor relevant to Mr. Chavez's prosecution. The only common connection amongst all Defendants (and the resulting Groups A, B, and C) is that all of the alleged crimes arose out of the farm labor context in the Southern District.**

The Government has lumped charges together in a single indictment that are not connected to one another, except for the subject matter. This is insufficient to join all 24 accused individuals in the same case. Even if joinder is appropriate[3] and dismissal is denied, Mr. Chavez's case should be severed from the

---

[3] Defendant has filed a separate Motion to Dismiss for Misjoinder as his preferred remedy available to the Court.

other Defendants pursuant to Fed.R.Crim.P. 14. The Government has lumped together in one indictment charges that are not connected to one another, except for the subject matter. Even if joinder is appropriate, Mr. Chavez's case should be severed from the other Defendants pursuant to Fed.R.Crim.P. 14.

**SEVERANCE SHOULD BE GRANTED**

Notwithstanding the requirements for Federal Rule of Criminal Procedure 8(a), a trial court may sever otherwise properly joined counts in an indictment "[i]f the joinder of offenses or defendants in an indictment . . . for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Rule 14(a) also mandates the severance of Count thirty-one to avoid prejudice. Under Rule14(a)The test for assessing prejudice is:

> Whether under all the circumstances of a particular case it is within the capacity of the jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant *solely on that defendant's own . . . conduct in relation to allegations* contained in the indictment and render a fair and impartial verdict.

Hersh, 297 F.3d at 1243 (emphasis added). Courts have consistently. After an analysis of whether the joinder although proper, courts consistently consider whether the indictment creates "compelling prejudice" against the defendant, pursuant to Federal Rule of Criminal Procedure Rule 14(a). See United States v. Hersh, 297

F.3d 1233, 1241 (11th Cir. 2002); United States v. Walser, 3 F.3d 380 (11th Cir. 1993). The question of whether or not to sever counts within an indictment is left to the sound discretion of the trial court. Hersh, 297 F.3d at 1241. In this case, the government's inclusion of all defendants in one indictment fails under precedential analysis and has proven to make even discovery production an enormous expenditure of judicial resources far before the case ever reaches trial.

There are a number of reasons that a Court should sever Defendants who have been named in the same indictment. One reason is where inculpatory evidence will be admitted against one Defendant that is not admissible against the others. Alternatively, a severance should be granted where the cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence so as to make an individualized determination as to each Defendant. United States v. Chavez, 584 F. 3d 1354, 1360-61 (11th Cir. 2009).

Evidence that the Government may use against the other named Defendants will likely not be admissible against Mr. Chavez. One example is the evidence related to  One example is the evidence related to the intentional acts of forced labor through physical force or threats of force or manipulation of law (against those in "Group B"), such as: withholding of legal documents to require

foreign workers to remain on the farm; kidnapping; sexual abuse of workers, and the like. Nothing connects Mr. Chavez to these incidents yet the jury deciding on his culpability will be subjected to this evidence. Another example is the evidence of related to money laundering allegations through the purchase of property or money orders (against those in "Group C"). Nothing connects Mr. Chavez to any alleged incidents of money laundering, yet the jury deciding on his culpability will be subjected to this evidence.

Defendant has filed a separate Motion showing that the joinder of the three groups of Defendants into a single case violates Fed.R.Crim.P. 8(b).  If the Court does not grant that Motion a joint trial will necessarily include vast quantities of information that does not relate to Mr. Chavez and which is inadmissible against him.  For this reason alone, severance should be granted.

Additionally, Rule 14 permits severance of Defendants if a joint trial otherwise causes undue prejudice to one or more Defendants.  Here, the government failed to allege an overarching conspiracy among the Defendants.  Instead, this case will be a series of (at least) three separate conspiracies involving distinct Defendants and locations. This by itself will cause undue prejudice.  Furthermore, the government has evidence that some

Defendants made incriminating statements. If such Defendant's decide to not testify in their defense, the Court will inevitably confront the problematic Confrontation Cause issues arising from this situation.

Finally, in his separate Motion for a Bill of Particulars, Mr. Chavez touched on concerns that the government's overall prosecution against him is weak. It is built upon a house of cards that depends on sufficient evidence that he knowingly participated in a forced labor, which requires proof beyond a reasonable doubt that he intended to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that … [the worker] would suffer *serious harm or physical restraint,* knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means…". Indictment, ¶¶ 39, 72. A jury will be incapable of excising out his case from the mountain of evidence likely to be admitted regarding the others. Mr. Chavez asks that this Court recommend that this Motion be granted and that his case should be severed from the trials against all other Defendants in this matter.

*Signature on following page*

Dated: This 15th day of December 2023.

Respectfully submitted,

                                                */s/ Jessica K. Stern*
                                                JESSICA K. STERN
                                                Georgia State Bar No. 107308
                                                ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 15th day of December 2023.

                                                */s/ Jessica K. Stern*
                                                JESSICA K. STERN
                                                Georgia State Bar No. 107308
                                                ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us