IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO 5:21-CR-009 |
| | ) | |
| MARIA LETICIA PATRICIO, | ) | |
| DELIA IBARRA ROJAS, and | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**THE UNITED STATES' COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS MONEY LAUNDERING CONSPIRACY COUNT**

The United States respectfully files its response to Defendants Maria Patricio, Delia Rojas, and Brett Bussey's motions to dismiss Count Fifty-Three, which charge money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

| Docket No. (Doc.) | Filing Defendant | Motion |
|---|---|---|
| 632 | Brett Bussey | Motion to Dismiss Money Laundering Count |
| 803 | Delia Rojas | Motion to Dismiss Money Laundering Conspiracy |
| 810 | Maria Patricio | Motion to Dismiss Money Laundering Conspiracy |

Defendants argue that Count Fifty-Three should be dismissed because conspiracy to commit mail fraud and conspiracy to commit forced labor are not enumerated specified unlawful activities; and thus, the Indictment fails to allege an essential element. The United States concedes that the listed conspiracies are not enumerated specified unlawful activities. However, this relates to an ancillary issue and not an essential element of money laundering. Thus, the extraordinary remedy that Defendants seek, dismissal, is not the solution. After removing the

erroneous conspiracy language, Count Fifty-Three still contains all the necessary elements, fairly informs Defendants of the charge against them, and enables them to defend against future prosecutions for the same offense. As such, Defendants motions to dismiss Count Fifty-Three are properly denied.

### A. The Indictment is sufficient, contains every element of the charged offenses, and meets the constitutional standards.

A valid indictment "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted). An indictment is defective if it does not inform the defendant with reasonable certainty the nature of the accusation against him, although it may follow the language of the statute. *Id*. If an indictment specifically refers to the statute on which the charge was based the reference to the statutory language adequately informs the defendant of the charge. *United States v. Fern*, 155 F.3d 1318 (11th Cir. 1998). An indictment is sufficiently detailed if it alleges the essential elements of the crime with which the defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974).

To convict a defendant of money laundering conspiracy under 19 U.S.C. § 1956(h), the United States must prove that (1) two or more persons agreed to commit a crime, a money laundering violation; and (2) the defendant knowing the unlawful plan, voluntarily joined the conspiracy. *United States v. Johnson,* 440 F.3d 1286, 1294 (11th Cir.2006). To convict a defendant of money laundering in violation

2

of 18 U.S.C. § 1956(a)(1)(A)(i), the United States must prove that the defendant (1) engaged in a financial transaction, (2) which he knew involved funds that were the proceeds of some form of unlawful activity, (3) where the funds involved in the financial transaction in fact were the proceeds of a specified unlawful activity, and (4) engaged in the financial transaction with the intent to promote the carrying on of the specified unlawful activity. *United States v. Molina*, 413 F. App'x 210, 212 (11th Cir. 2011). To convict a defendant of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A), the United States must prove that the defendant (1) knowingly transported cash to a place in the United States from a place outside the United States; and (2) acted with the intent to promote the carrying on of the specified unlawful activity. Pattern 074.3, Eleventh Circuit Pattern Jury Instruction, (Criminal 2022).

In Count Fifty-three, the Defendants are alleged to have knowingly and intentionally conspired, from 2015 through October 2021, (1) to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity; and (2) to transport cash to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of the specified unlawful activity.

Count Fifty-Three further alleges that the Defendants knew the funds to be proceeds of some form of unlawful activity and conspired with the intent to promote the carrying on of the specified unlawful activity. The introduction section in

Paragraphs 1 through 37 and the overt acts[1] in paragraphs 76(a) through 76(v), all explain some financial transactions that were conducted with funds which were, and which Defendant knew to be, proceeds of unlawful activity. The money laundering conspiracy is charged pursuant to 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(2)(A), and 2.

This Indictment is more than sufficiently detailed and alleges the essential elements of the crimes with which Defendants are charged in a manner that permits Defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offenses. *See Hamling v. United States*, 418 U.S. 87, 117 (1974).

### B. The specified unlawful activity listed in Count Fifty-Three is not an essential element and may be corrected.

Count Fifty-Three defines the specified unlawful activity as conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit forced labor in violation of 18 U.S.C. § 1594. The United States concedes that the specified unlawful activity defined in County Fifty-Three must be corrected. However, this error is not fatal because the specified unlawful activity is not an essential element of the offense. *United States v. Stavroulakis*, 952 F.2d 686, 691 (2d Cir. 1992) (rejecting the

---

[1] Defendant Bussey notes that he is not mentioned in these transactions; however, overt acts are not required for a money laundering conspiracy. *Whitfield v. United States*, 543 U.S. 209, 219 (2005) (holding that a conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy).

argument that "the particular specified unlawful activity is an essential element of the crime").

In *United States v. Shea*, the indictment stated that the object of the money laundering conspiracy "involved proceeds of specified unlawful activity, to wit, the conspiracy to commit wire fraud alleged in Count One of th[e] Indictment." 2023 WL 4551635, at *3 (S.D.N.Y. July 14, 2023). The court found that was an incorrect statement because wire fraud conspiracy was not a specified unlawful activity. *Id*. Nevertheless, the court denied the defendant's motion to dismiss because the error was ancillary and not an essential element of money laundering conspiracy. *Id*. The court explained that the indictment need not provide details on how the offense was committed. *Id*. (citing the Second Circuit's ruling in *United States v. Agrawal*, 726 F.3d 235, 261 (2nd Cir. 2013), that "when the indictment is…considered as a whole, the 'to wit' clause is properly understood to be illustrative rather than definitional of the core of the criminality charged by the grand jury.").

The error in Count Fifty-Three is nearly identical to the error in *Shea*. In this case, Count Fifty-Three provides, in relevant part, "….with funds which were proceeds of a specified unlawful activity, that is conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit forced labor, in violation of Title 18, United States Code, Section 1594…." Doc. 3, ¶ 75. Here, the "that is" clause is illustrative rather than definitional of the core of the criminality charged. As such, the "that is" clause, and any other reference to mail

fraud conspiracy and forced labor conspiracy in Count Fifty-Three, may be removed and Count Fifty-Three will still state an offense.

The parties agree that the substantive acts of mail fraud and forced labor are enumerated specified unlawful activity. 18 U.S.C. § 1961(1). In addition to charging money laundering conspiracy, the Indictment contains allegations that members of the conspiracy engaged in both mail fraud and forced labor. *See* Doc. 3. Thus, removing the erroneous conspiracy language or superseding to remove the erroneous conspiracy language are appropriate remedies, neither of which will prejudice Defendants, given all the allegations in the Indictment. *See United States v. Shea*, 2023 WL 4551635, at *3; *See United States v. Ojedokun*, 517 F. Supp. 3d 444, 456 (D. Md.), *aff'd,* 16 F.4th 1091 (4th Cir. 2021); *See United States v. Loe*, 248 F.3d 449, 468 (5th Cir. 2001) (noting that specified unlawful activity is a term of art and the indictment is not required to specify which unlawful activity generated the funds in question).

In conclusion, even after removing the erroneous language, Count Fifty-Three is more than sufficiently detailed and alleges the essential elements of the crimes with which Defendants are charged in a manner that permits Defendants to prepare a defense and plead double jeopardy in any future prosecution for the same offenses. Furthermore, given the detailed allegations in the Indictment that members of the conspiracy engaged in mail fraud and forced labor, removing the erroneous conspiracy language will not prejudice Defendants. Therefore, the United States respectfully recommends removing the erroneous language and

denying Defendants' motions to dismiss Count Fifty-Three.

                                        Respectfully submitted,

                                        JILL E. STEINBERG
                                        UNITED STATES ATTORNEY

BY:   */s/ Tania D. Groover*

        Tania D. Groover
        Criminal Chief
        Georgia Bar No. 127947
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: 912-652-4422
        Facsimile: 912-652-4388
        E-mail: tania.groover@usdoj.gov

BY:   */s/ E. Gregory Gilluly, Jr.*

        E. Gregory Gilluly, Jr.
        Deputy Criminal Chief
        Tennessee Bar No. 019397
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: 912-652-4422
        Facsimile: 912-652-4388
        E-mail: greg.gilluly@usdoj.gov