IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO 5:21-CR-009-16 |
| ) | |
| JUAN FRANCISCO ALVAREZ CAMPOS ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JUAN FRANCISCO ALVAREZ CAMPOS' MOTION TO DISMISS FOR VIOLATION OF FIFTH AMENDMENT

The United States opposes Defendant Juan Francisco Alvarez Campos' Motion to Dismiss for Violation of Fifth Amendment. Doc. 804. The United States Supreme Court and the Eleventh Circuit have long held that a defendant cannot challenge whether there is sufficient evidentiary foundation to support the grand jury's probable cause determination. Thus, Defendant's motion is property denied.

The scope of judicial review of grand jury matters has been narrowly circumscribed by the Supreme Court in a series of rulings. The Supreme Court has adopted the view that grand jury proceedings are cloaked in a presumption of regularity. *See United States v. R Enterprises, Inc.*, 498 U.S. 292, 301 (1991). Applying this deferential standard to grand jury matters, the Court has long been reluctant to permit challenges to indictments based on prosecutorial misconduct because of the delay and disruption that would inevitably result from such challenges. This longstanding reluctance is aptly reflected in the Supreme Court's decisions in *Kaley v. United States*, 571 U.S. 320 (2014), *Costello v. United States*, 350 U.S. 359, 363 (1956), and *United States v. Calandra*, 414 U.S. 338, 350 (1974). In *Kaley*, the

Supreme Court rejected the defendants' claim that, during a pre-trial hearing relating to the validity of the freezing of their assets, they should have been permitted to challenge the grand jury's probable cause finding underlying their indictment, alleging that the charges were "baseless." *Kaley*, 571 U.S. 320 at 325. The Supreme Court reaffirmed its longstanding position that "[t]he grand jury gets to say—without any review, oversight, or second-guessing— whether probable cause exists to think that a person committed a crime." *Kaley*, 571 U.S. at 328.

In *Costello*, the Supreme Court refused to allow a challenge to the nature or sufficiency of the evidence presented to the grand jury. The Court held that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello*, 350 U.S. at 363.

In *Calandra*, the Supreme Court declined to apply the Fourth Amendment exclusionary rule to grand jury proceedings. The Court reaffirmed its view as expressed in *Costello* and stated that any rule that would "saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." *Calandra*, 414 U.S. at 350 (quoting *United States v. Dionisio*, 410 U.S. 1, 17 (1973)). Combined, *Kaley*, *Costello*, and *Calandra* seem to bar any challenge to an indictment based on the nature or sufficiency of the evidence presented to the grand jury.

The Eleventh Circuit agrees. *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012), *aff'd and remanded,* 571 U.S. 320, 134 S. Ct. 1090 (2014). Defendant acknowledges this line of cases.

Nevertheless, Defendant moved to dismiss the indictment, claiming the lack of evidence was so thin, the grand jury must have been acting as an arm of the Department of Justice. This argument fails because it is simply attacking the evidence presented to the grand jury. Defendant offers no evidence to suggest and does not allege any misconduct, abuse of process, or improper procedure. Thus, there is no legal reason to review the evidence presented to the grand jury.

In conclusion, Defendant's motion does not offer any legal ground to dismiss the indictment. Defendant does not allege any abuse of process, misconduct, or improper procedure. Rather, Defendant only complains about the sufficiency of evidence presented to the grand jury. As such, Defendant's motion is properly denied.

*Signatures on the Following Page*

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

BY:   */s/ Tania D. Groover*

      Tania D. Groover
      Criminal Chief
      Georgia Bar No. 127947
      Post Office Box 8970
      Savannah, Georgia 31412
      Telephone: 912-652-4422
      Facsimile: 912-652-4388
      E-mail: tania.groover@usdoj.gov

BY:   */s/ E. Gregory Gilluly, Jr.*

      E. Gregory Gilluly, Jr.
      Deputy Criminal Chief
      Tennessee Bar No. 019397
      Post Office Box 8970
      Savannah, Georgia 31412
      Telephone: 912-652-4422
      Facsimile: 912-652-4388
      E-mail: greg.gilluly@usdoj.gov