IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO 5:21-CR-009 |
| | ) | |
| MARIA LETICIA PATRICIO, | ) | |
| DANIEL MENDOZA, | ) | |
| ANTONIO CHAVEZ RAMOS, | ) | |
| ENRIQUE DUQUE TOVAR, | ) | |
| DELIA IBARRA ROJAS, | ) | |
| DONNA MICHELLE ROJAS, | ) | |
| JUAN FRANCISCO ALVAREZ CAMPOS, | ) | |
| BRETT DONAVAN BUSSEY, and | ) | |
| CARLA YVONNE SALIAS | ) | |

**UNITED STATES' COMBINED RESPONSE TO
DEFENDANTS' PRETRIAL DISCOVERY MOTIONS**

The United States files its combined response to the following pretrial discovery motions:

| Docket No. (Doc.) | Filing Defendant | Motion |
|---|---|---|
| 194 | Carla Salinas | Motion for Discovery |
| 291 | Brett Bussey | Motion for Discovery |
| 292 | Brett Bussey | Motion for 404(b) Evidence |
| 303 | Daniel Mendoza | Motion for *Brady* Material |
| 304 | Daniel Mendoza | Motion for *Jencks* Material |
| 305 | Daniel Mendoza | Motion to Preserve Evidence |
| 306 | Daniel Mendoza | Motion to Participate in Voir Dire |
| 307 | Daniel Mendoza | Motion to Preserve Agent Notes |
| 308 | Daniel Mendoza | Motion for List of Witnesses |
| 309 | Daniel Mendoza | Motion for Disclosure of Impeachment Material |
| 310 | Daniel Mendoza | Motion for Disclosure of Promises of Immunity, Leniency, or Preferential Treatment |
| 311 | Daniel Mendoza | Motion for Discovery |
| 312 | Daniel Mendoza | Motion for Access to Prospective Witnesses |

| Docket No. (Doc.) | Filing Defendant | Motion |
|---|---|---|
| 313 | Daniel Mendoza | Motion Reserving Right to File Additional Motions |
| 314 | Daniel Mendoza | Motion for 404(b) Evidence |
| 318 | Maria Patricio | Motion for *Jencks* Material |
| 319 | Maria Patricio | Motion for Discovery |
| 320 | Maria Patricio | Motion for *Brady* Material |
| 321 | Maria Patricio | Motion to Preserve Evidence |
| 322 | Maria Patricio | Motion to Disclose Witnesses |
| 323 | Maria Patricio | Motion for Disclosure of Impeachment Evidence |
| 324 | Maria Patricio | Motion for Informant's Name, Identity, and Whereabouts |
| 325 | Maria Patricio | Motion for Production of Grand Jury Proceedings |
| 326 | Maria Patricio | Motion to Disclose Expert Witness Testimony |
| 377 | Donna Rojas | Motion for Discovery |
| 378 | Donna Rojas | Motion for *Jencks* Material |
| 381 | Enrique Duque Tovar | Motion to Allow Participation in Voir Dire |
| 382 | Enrique Duque Tovar | Motion for Additional Peremptory Challenges |
| 383, 386 | Enrique Duque Tovar | Motion for Co-Conspirators Statements |
| 385 | Enrique Duque Tovar | Motion for Discovery |
| 387 | Enrique Duque Tovar | Motion for *Brady* Material |
| 797 | Antonio Chavez Ramos | Motion to Reserve the Right to Challenge Lawfulness of Evidence Seizure |
| 798 | Antonio Chavez Ramos | Motion for Names of Unindicted Co-Conspirators |

Given the overlap between certain of the Defendants' motions, the United States attempted to group similar motions together for the purpose of its responses. Preliminarily, the Government submits that its expanded discovery policy, as set forth below, responds to Defendants' motions. In addition, the Government submits

that it has made available to defense counsel all discovery currently in its possession and will continue to do so, if it receives any additional discovery.

I. **Motions for Discovery and Inspection and Similar Motions (Docs. 194, 291, 311, 319, 377, 385); Motions for Disclosure of Brady, Exculpatory, and Impeaching Information (Docs. 303, 309, 310, 320, 323, 324, 387); Motions for Early Jencks Material, Grand Jury Material, and Access to Witnesses (Docs. 304, 308, 312, 318, 322, 325, 378); Motion for Expert Witness Testimony (Doc. 326); Motions for Co-Conspirators Statements (Docs. 383, 386); and Motion for Names of Unindicted Co-Conspirators (Doc. 798)**

The United States has provided, and will continue to provide, discovery subject to Rule 16. Further, the United States has a liberal discovery policy in this case, a policy which results in the disclosure of documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States has made its entire evidentiary file available to defense counsel that includes terabytes of discovery and information. In general, the discovery includes documents submitted to the United States government to bring in foreign workers on an H-2A visa, email records, bank records, information received from multiple cooperating sources and undercover operations, information received from witness and victim interviews, records and devices obtained from federal search warrants, over 250 electronic devices, such as cell phones and computers, documents obtained from third party business such as car dealerships and casinos, the results of multiple federal tracking search warrants on vehicles, and the results of multiple federal wiretaps on multiple telephone numbers.

The discovery includes statements made by Defendants, documents and tangible objects, scientific reports, and potential expert witnesses. The United States

3

will file a notice of expert testimony if it intends to call an expert witness. If Defendants wish to inspect any physical evidence subject to Rule 16.1, counsel need only contact the undersigned to do so. The United States submits that its liberal, expansive discovery policy satisfies the pretrial discovery motions.

Pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure, the United States has provided and will continue to provide any relevant oral, written, or recorded statement by the Defendants that is known to the government and within its possession, custody, and control. Moreover, the discovery provided contains the statements relevant to this case in the government's possession. Should additional statements subject to Rule 16 or *Brady* come within the government's possession, such statements will be produced.

The Government's case file does not contain, nor by this response does the Government represent that it will undertake to seek out or create, witness lists, government agent personnel files, intended orders of proof for trial, or expositions of the Government's theory of the case and inferential contentions to be made from the evidence. To the extent that Defendants' request may include such items, the Government objects to their production or creation. The Government's "work product" has long been exempt and protected from defense perusal. Fed.R.Crim.P. 16(a)(2); *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Because of the liberal and extensive discovery to be provided, there is no bona fide need for a list of witnesses. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir.), *cert. denied*, 484 U.S. 827 (1987). Defendants may construct a list of likely Government witnesses

from the discovery provided. The creation of lists, summaries, orders of proof, and previews of the Government's theory of the case and inferential jury arguments do not constitute the discovery of evidence in that such things are not evidence. Just because they might be helpful to Defendants to craft a trial strategy, fashion testimony, or tailor arguments, it does not change their character as attorney work product.

The Government will make available for copying or furnish copies of all materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. Though not necessarily constituting Jencks Act materials, investigative reports of federal, state, and local agencies containing information pertinent to the proof of the Government's case-in-chief, as well as statements or summaries of interviews with persons who will not be called as witnesses (provided any such exist), will be provided in like manner.

In addition, the Government has provided copies of all materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. In the event additional material becomes known to and comes into the Government's possession that is discoverable under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, the Government will provide Defendants copies as soon as it is received.

To the extent that grand jury transcripts contain information which would otherwise be discoverable consistent with this notice, i.e., probable Jencks material, transcripts will be provided upon receipt (usually within thirty to forty-five days

afterindictment) to Defendants in the same manner as statement summaries and investigative reports, without any requirement for particularized showings of need or further order of the Court, as provided by the Court's standing order memorialized inRule 16.1 of the Local Rules for Criminal Cases for the Southern District of Georgia.

    The Government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as soon as practicable after they are received by the United States Attorney's Office. This will include "RAP" sheets for Defendant and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available. This intention to provide exculpatory, arguably favorable, or impeaching informationon an immediate and continuing basis should not be construed so as to relieve Defendants of making particularized demands and showings of materiality and need for specifically identified items, for while the Government fully intends a good faith effort to identify and produce materials under its obligation as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), and their progeny, characterizations of particularitems or information as falling within that obligation may differ, and Defendants may find exculpatory or impeaching use of an item of

information in a manner not apparent to or anticipated by the Government. Likewise, nothing herein should be construed to relieve Defendants of the obligation to acquire on their own matters of public record.

## II.    Motions for 404(b) Notice (Docs. 292, 314)

On August 14, 2023, the United States provided notice pursuant to Rule 404(B) of the Federal Rules of Evidence and Local Rule 16.2 of its intent to introduce in its case-in-chief evidence of crimes, wrongs, and other acts.  Doc. 696.  In the event the United States becomes aware of any additional evidence, the United States will promptly notify counsel, disclose the information, and supplement its Notice.

## III.   Motions to Preserve Evidence and Agent Notes (Docs. 305, 307)

The Government does not oppose Defendant's request to preserve evidence or rough notes.  However, the Government does oppose disclosure of such materials and disclosure of an inventory of such notes absent a threshold showing of relevancy and need.  The Government defines rough notes to be contemporaneous recordation of matters of investigation and evidence, not the notes made by prosecutors in preparation for trial, which are attorney work product and not discoverable.

## IV.   Motion Reserving Right to File Additional Motions and to Challenge Lawfulness of Evidence Seizure (Docs. 313, 797)

Based upon the schedule set forth by the Court and the availability of pretrial discovery, the Government submits that all Fed.R.Crim.P. 12(b)(3) motions should have been timely filed.  The Government reserves its right to object to the Defendant's later filing of any motion listed within Rule 12(b)(3) that could have been submitted on or before the Court's deadline.  As circumstances may warrant the late filing of a

7

Rule 12(b)(3) motion by the Defendant; however, the Government withholds any anticipatory objection and asks for an opportunity to brief the issue should the Defendant file an out-of-time motion.

V.     **Motions to Participate in Voir Dire (Docs. 306, 381)**

The Government does not object nor concur in Defendants' motions to participate in voir dire as they are directed to the discretionary conduct of the proceedings by the trial court.

VI.    **Motion for Additional Peremptory Challenges (Doc. 382)**

Fed. R. Crim. P. 24(b) provides that, in noncapital felony cases with multiple defendants, the "defendants jointly have 10 peremptory challenges." Here, Defendant advances no meritorious argument to change this allocation, and the United States respectfully requests that the Court deny this motion.  While this Court has discretion to increase the number of peremptory challenges available to a defendant under Rule 24(b) of the Federal Rules of Criminal Procedure, the award of additional challenges is permissive, not mandatory, and rests solely within the Court's sound discretion. *United States v. Lopez*, 649 F.3d 1222, 1243 (11th Cir. 2011). The exercise of peremptory challenges "is 'not of federal constitutional dimension'"; rather, it is rule-based, and Rule 24(b) states that ten peremptory challenges are sufficient in multi-defendant cases. *Id.* at 1243 (quoting *United States v. Martinez–Salazar*, 528 U.S. 304, 311 (2000)); *United States v. Amer*, 824 F.2d 906, 907 (11th Cir. 1987). Additionally, co-defendants are properly treated as a single party when allocating peremptory challenges. *United States v. Whitehead*, 238 F.3d 949, 951 (8th Cir. 2001).

8

It is widely accepted that a defendant has no right to a jury entirely of their own choosing if, at the time of jury selection, they properly have a co-defendant. *Amer*, 824 F.2d at 907–08; *cf. United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982) ("Multiple defendants have no right to more peremptory challenges than given them by the rule, even when they disagree on how to exercise them, as long as they are given trial by an impartial jury."). Therefore, binding precedent has rejected the argument that a court's failure to grant additional peremptory challenges improperly dilutes a defendant's ability to select a jury in a multi-defendant case. *See, e.g., Amer*, 824 F.2d at 907–08; *United States v. Hooper*, 575 F.2d 496, 498 (5th Cir. 1978) finding no abuse of discretion where defendant claimed district court placed him in an "inferior position to that of the Government" by denying request for additional peremptory challenges). The decision to grant requests for additional peremptory challenges is instead guided by practical considerations; to this end, courts may weigh the consequences of granting a defendant's request for additional peremptory challenges, including the risk of prolonging the jury selection process and the need for expeditious trial proceedings. *See United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986) (holding "[i]t was proper for the court to consider the need for expeditious proceedings" in denying motion for additional peremptory challenges (citation omitted)).

*Signatures on the Following Page*

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

BY: */s/ Tania D. Groover*

    Tania D. Groover
    Criminal Chief
    Georgia Bar No. 127947
    Post Office Box 8970
    Savannah, Georgia 31412
    Telephone: 912-652-4422
    Facsimile: 912-652-4388
    E-mail: tania.groover@usdoj.gov


BY: */s/ E. Gregory Gilluly, Jr.*

    E. Gregory Gilluly, Jr.
    Deputy Criminal Chief
    Tennessee Bar No. 019397
    Post Office Box 8970
    Savannah, Georgia 31412
    Telephone: 912-652-4422
    Facsimile: 912-652-4388
    E-mail: greg.gilluly@usdoj.gov