IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BRETT DONOVAN BUSSEY, <br><br> Defendant. | CASE NO.: 5:21-cr-9 |

**O R D E R**

Defendant Brett Donovan Bussey filed a Motion for Bill of Particulars. Doc. 633. The Government filed a Response in opposition to Defendant's Motion. Doc. 888. Defendant Bussey filed a Reply. Doc. 938. I held a hearing on this Motion on April 19, 2024. Doc. 1133 (hearing transcript). Defendant's counsel and counsel for the Government appeared at the hearing, and the parties provided additional argument. For the following reasons, the Court **DENIES** Defendant's Motion for Bill of Particulars.

BACKGROUND

The Government charged 24 Defendants for their roles in an international mail fraud, forced labor, and money laundering conspiracy. Defendant Brett Bussey was charged as a part of this conspiracy. The Government filed a Superseding Indictment on June 4, 2024. Doc. 1012. The Superseding Indictment contained the following charges against Defendant Brett Bussey: conspiracy to commit mail fraud, mail fraud, conspiracy to engage in forced labor, money laundering conspiracy, and tampering with a witness. The charges were substantially similar to the charges in the original Indictment.

Defendant Bussey filed his Motion for Bill of Particulars. Defendant Bussey argues essential facts are missing from the Indictment.[1] Defendant also argues the voluminous discovery has made it difficult for him to understand the Government's case against him. In his Motion, Defendant Bussey asks the Court to order the Government to specify the following information:

*Count one, mail fraud conspiracy*: (1) every false and fraudulent representation Defendant Bussey allegedly made; (2) for each false representation, who made the representation, the content of the representation, the date, to whom it was made, why it is claimed to be false or fraudulent; (3) how Juana Ibarra Carrillo, Donna Rojas, Margarita Maggie Rojas Cardenas, and Linda Jean Facundo assisted Defendant Bussey in filing fraudulent petitions; (4) which petition each of the named conspirators assisted with and the representation claimed to be false or fraudulent in each petition; and (5) the petition alleged to be fraudulent and the representation in the petition claimed to be false or fraudulent for each fraudulent mailing described in count one. Doc. 633 at 5–6.

*Counts two through five, mail fraud*: (1) the precise content, the representation claimed to be false or fraudulent, and why the representation is claimed to be false or fraudulent for each alleged false and fraudulent representation; (2) each I-129 petition containing fraudulent signatures and fake documents for purported employers; and (3) each fraudulent signature and each fake document for purported employers. Id. at 6.

*Count six, conspiracy to engage in forced labor*: (1) each act Defendant Bussey conducted to further the conspiracy to engage in forced labor; (2) the amount of financial benefit Defendant Bussey received from the alleged conspiracy to engage in forced labor; (3) acts of

---

[1] Defendant Bussey confirmed the arguments in his Motion apply with equal force to the Superseding Indictment.

others to further the conspiracy to engage in forced labor, of which Defendant Bussey was aware; and (4) when and how Defendant Bussey became aware of the acts of others to conspire to engage in forced labor.  Id. at 7.

***Count 33, money laundering conspiracy***: (1) each act Defendant Bussey conducted to further the conspiracy to engage in promotion of money laundering with specific unlawful activity; (2) each act Defendant Bussey conducted to further the conspiracy to transport cash to the United States from or through a place outside of the United States; (3) each act of others Defendant Bussey was aware of to further the money laundering conspiracy; (4) when and how Defendant Bussey became aware of the acts of others to engage in a money laundering conspiracy; and (5) the date, amount, and institution of each financial transaction conducted by Defendant Bussey in furtherance of the money laundering conspiracy along with the individual who conducted it.  Id. at 7–8.

The Government filed a Response opposing Defendant Bussey's Motion.  Doc. 888.  The Government contends the Superseding Indictment and the extensive amount of discovery in this case are sufficient to apprise Defendant Bussey of the charges against him.

## LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek a bill of particulars setting forth the time, place, manner, and means of commission of the crimes alleged in the indictment.  The purpose of a bill of particulars is to give notice to a defendant of the offenses charged in the indictment so that he may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes.  United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006).  A bill of particulars is not intended as a discovery device, or "to provide a detailed disclosure of the government's evidence in advance

of trial." Id.  A motion for a bill of particulars is not a *carte blanche* opportunity for the defense to investigate the government's case. United States v. Thevis, 474 F. Supp. 117, 123 (S.D. Ga. 1979).  The granting of a bill of particulars is a matter for the trial court's discretion. United States v. Watson, 669 F.2d 1374, 1379 n.2 (11th Cir. 1982).

When there is no *prima facie* case for disclosure in a bill of particulars, "the defendant has the burden of showing . . . that nondisclosure [will] lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." Id.  "[T]he defendant must show that without the requested particular his own investigation could not glean the facts or theory which preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." Id.

## DISCUSSION

Defendant Bussey requests a bill of particulars.  Doc. 633.  Defendant states the Government has produced more than 15 terabytes of discovery with an index covering 3,776 pages. Id. at 3.  Defendant argues the voluminous discovery cuts in favor of particularization because he cannot reasonably be expected to glean the particulars of the Government's case from the documents. Id. at 4.

The Government contends Defendant Bussey is not entitled to a bill of particulars.  Doc. 888.  The Government argues there is little chance of surprise to Defendant Bussey at trial because the Superseding Indictment is specific and supports each of the requisite elements of the charged offenses. Id. at 2.  The Government states the Superseding Indictment provides an outline of the Government's evidence, as it describes the respective roles of all Defendants and how they accomplished the alleged crimes. Id. at 3.  The Government contends the information Defendant Bussey seeks regarding the charged offenses has already been provided in the

discovery in this case.  Id.  The Government also argues Defendant Bussey is not entitled to a bill of particulars detailing every single material misrepresentation the Government intends to show at trial.  Id. at 5–6.

Defendant has failed to carry the burden entitling him to a bill of particulars.  The combination of the Superseding Indictment and extensive discovery are sufficient to put Defendant Bussey on notice of the charges against him.  In the Superseding Indictment, the Government includes an introduction explaining labor trafficking and the H-2A visa program, money laundering and the H-2A visa program, and the Defendants' roles in the conspiracies.  Doc. 1012 at 1–7.  For Defendant Bussey, the Government states, "Defendant Brett Donavan Bussey was a United States citizen who filed fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program."  Id. at 7.

The specific counts in the Superseding Indictment provide additional details on the charges against Defendant Bussey.  Count one charges Defendant Bussey and other Defendants with conspiracy to commit mail fraud.  Count one includes details on the object of the conspiracy, the manner and means of the conspiracy, and a list of overt acts in furtherance of the conspiracy.  Id. at 8–25.  The overt act of obstructing the investigation includes details about a phone call involving Defendant Bussey on November 26, 2019.  Id. at 24.  Counts two through five charge Defendant Bussey with substantive mail fraud, which includes dates, petition numbers, origins, and destinations for the petitions mailed.  Id. at 26–27.  In count six, the Government charges Defendant Bussey, along with other Defendants, with conspiracy to engage in forced labor.  Id. at 28–29.  In count 33, the Government charges Defendant Bussey and others with money laundering conspiracy.  The charge includes a list of 22 financial transactions committed in furtherance of the money laundering conspiracy.  Id. at 33–37.  In count 34, the

Government charges Defendant Bussey and others with tampering with a grand jury witness. Id. at 38. The Superseding Indictment adequately puts Defendant Bussey on notice of the charges against him and his co-Defendants. See United States v. Hawkins, 661 F.2d 436, 452 (5th Cir. 1981) (denying motion for bill of particulars because the indictment adequately put the defendant on notice because it contained a detailed list of overt acts).

Additionally, the Government has provided Defendant Bussey with a large amount of discovery, which contains information necessary for him to defend this case. The Government has produced a significant amount of discovery, including documents submitted for H-2A visas, email records, bank records, information from cooperating sources and interviews, records obtained from federal search warrants and wiretaps, and over 250 electronic devices.

Because Defendant has received this information through the extensive discovery process that is ongoing in this case, there is no need for a bill of particulars. See United States v. Draine, 811 F.2d 1419, 1421 (11th Cir. 1987) (denying defendant's motion for bill of particulars because the indictment gave notice of the elements of the charged offense and the government provided the co-defendants' statements during pre-trial discovery). The extensive amount of discovery also reduces the chance of surprise at trial for Defendant Bussey. Based off the amount of discovery the Government has produced, Defendant Bussey is likely to have a strong idea about the evidence against him in this case. Defendant Bussey has not demonstrated a bill of particulars is required in this case. See United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery.").

Defendant Bussey argues he cannot glean the particulars of the Government's case from the vast amount of discovery. However, Defendant Bussey has not explained with specificity

why he is unable to ascertain the Government's case against him. Defendant Bussey requested a list of particulars related to the mail fraud conspiracy, the substantive mail fraud counts, the conspiracy to engage in forced labor, and the money laundering conspiracy. Doc. 633 at 5–8. Defendant Bussey asks the Government to identify specific details regarding false representations, interactions with co-Defendants, and financial transactions. Defendant has not shown these details are not included in the vast amount of discovery available to him. Additionally, the Government stated they met with Defendant Bussey and provided a PowerPoint presentation outlining the evidence tying him to the charged crimes. Doc. 888 at 5 n.1. The additional guidance the Government provided, along with the expansive discovery and detailed Superseding Indictment, is sufficient for Defendant Bussey to understand the Government's case against him.

Defendant Bussey has also not shown he is entitled to the specific list of particulars he has requested. For example, Defendant Bussey wants the Government to identify the overt acts the Government contends he committed in furtherance of the conspiracy. Bussey argues most of the overt acts in the Superseding Indictment do not name him; therefore, they do not help him prepare a defense. Doc. 938 at 2. Bussey's argument fails. It is well established that a defendant is not entitled to details related to the overt acts to be apprised of the case against him. See United States v. Feldman, 931 F.3d 1245, 1258 (11th Cir. 2019) (explaining it is enough for the government to prove the defendant knowingly and voluntarily agreed to a scheme and a conspiracy charge does not require the commission of an overt act). Therefore, in this case, the Government is not required to provide details regarding the overt acts Defendant Bussey committed in furtherance of the conspiracies.

Defendant Bussey also has not demonstrated he is entitled to details about each false representation made as part of the mail fraud conspiracy.  Defendant Bussey has received a significant amount of discovery related to the charges against him and others.  Defendant Bussey also received additional guidance from the Government outlining the charges against him.  Defendant Bussey seeks information about each false representation made by him or other co-Defendants that the Government intends to use to prove its case.  A bill of particulars is not an appropriate means of obtaining information about evidence the Government may show at trial.  See United States v. Holzendorf, 576 F. App'x 932, 935–36 (11th Cir. 2014) (explaining that attempting to have the government make a detailed disclosure of the evidence it planned to present at trial was not an appropriate basis for seeking a bill of particulars).  The discovery, the Government's additional PowerPoint guidance, and Superseding Indictment sufficiently describe the nature of the conspiracies and the charges against Defendant Bussey.  Defendant Bussey has not shown that he does not have enough information to prepare his defense.

Additionally, Defendant Bussey fails to show that the Government should be required to identify false statements and representations in the substantive mail fraud counts.  First, the detailed Superseding Indictment and extensive discovery provide adequate information about to apprise Bussey about the nature of the counts.  Second, to the extent Bussey is asking the Government to identify false statements and presentations contained in mailings, the request is unfounded.  Even entirely truthful and innocent mailings can constitute mail fraud so long as they are in furtherance of a scheme to defraud.  See Schmuck v. United States, 489 U.S. 705, 715 (1989) ("The relevant question at all times is whether the mailing is part of the execution of the scheme as conceived by the perpetrator at the time . . . ."); Demerath Land Co. v. Sparr, 48 F.3d 353, 355 (8th Cir. 1995) ("It is not necessary that the mailings themselves be misleading or

constitute the actual fraud, they must merely be in furtherance of the plan or scheme to defraud."). Therefore, Defendant Bussey is not entitled to particulars related to the identified petitions in the substantive mail fraud counts.

Defendant Bussey has not shown there will be any prejudicial surprise or loss of opportunity to present a meaningful defense in this case. Therefore, I **DENY** Defendant's Motion for Bill of Particulars.

## CONCLUSION

For the reasons stated above, I **DENY** Defendant Bussey's Motion for Bill of Particulars.

**SO ORDERED**, this 15th day of October, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA