UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 5:21-CR-09-20 |
| | ) | |
| BRETT DONAVAN BUSSEY | ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT BUSSEY'S OBJECTIONS TO MAGISTRATE ORDER ON BRADY MOTION

On October 21, 2024, United States Magistrate Benjamin W. Cheesbro issued an Order ("Order") denying Defendant Bussey's Motion for *Brady v. Maryland* information and evidence ("Motion"). Doc. 1166. After considering Defendant's Motion, doc. 1128, and the United States' Response, doc. 1133, Judge Cheesbro denied the Motion, in part, because Defendant failed to demonstrate that the Government withheld or failed to disclose any information or evidence it is required to produce under *Brady* and its progeny. Doc. 1166. Defendant filed objections to the Order, doc. 1177, reiterated or withdrew several categories of requested purported *Brady* materials, and now asks this Court to order the Government to not only produce the information, but also identify where the requested *Brady* material is located in its discovery productions. *See*, Doc. 1177.

Since April 2022, the United States has produced over fifteen terabytes of discovery. In general, the discovery includes documents submitted to the United States government to bring in foreign workers on an H-2A visa, email records, bank records, information received from multiple cooperating sources and undercover operations, information received from witness and victim interviews, records and

1

devices obtained from federal search warrants, over 250 electronic devices, such as cell phones and computers, documents obtained from third party business such as car dealerships and casinos, the results of multiple federal tracking search warrants on vehicles, and the results of multiple federal wiretaps on multiple telephone numbers.

Although the discovery is massive, it is not an unorganized data dump leaving counsel to wonder what it all means. Rather, it is organized by seizing and producing agency, by category or type of evidence, by individuals, and by H-2A petitions. With respect to documents and devices seized from individual defendants, the discovery is organized by defendant, bates stamped, and categorized. Although the discovery is massive, it is organized in a way to allow defense counsel to navigate and understand the evidence.

The United States has actively sought to assist defense counsel in understanding the discovery. Counsel for the United States offered to assist defense counsel in reviewing the discovery, explained what was produced, and explained how each production was organized. If defense counsel had trouble accessing or viewing a particular folder or item, counsel for the United States would ensure counsel was able to access the item. The United States also re-produced any item that had an error. Upon request, counsel for the United States also sent key documents to counsel and will continue to do so upon request. The United States has complied with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and will continue to do so.

Defendant argues the United States should be required to identify the *Brady* material in its discovery productions because the discovery is voluminous. Doc. 1177 at 10. "[T]he plain language of Rule 16(a)(1)(E)(ii) does not require the Government

to specify from among the universe of discovery documents produced to defendant which of those documents it intends to rely upon at trial." *United States of Am. v. Richard M. Scrushy, Defendant.*, No. CR-03-BE-530-S, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3, 2004). Rule 16(a)(1)(E) "describes three categories of documents the Government must turn over to the defendant during discovery," and "[s]o long as the Government fulfills its discovery obligation to produce all documents fitting into any one of these three categories, it cannot be put at hazard for failing to correctly categorize the documents it produces." *Id*.

Other district courts in the Eleventh Circuit have also rejected the argument that the government must categorize its discovery. In *United States v. Carranza*, No. CRIM.1:05CR197-4TWT, 2007 WL 2422033, at *4 (N.D. Ga. Aug. 21, 2007), the court denied a similar request and "direct[ed] the government to assist Defendant in focusing his investigation (if it has not already done so) by providing an index or other searchable format to the recorded phone calls pertaining to him and the documents relevant to his defense." In *United States v. Martin*, No. 8:17-CR-301-T-24 AAS, 2018 WL 3617316, at *2 (M.D. Fla. May 21, 2018), the court denied a similar request and noted that the government provided a sufficient roadmap of its case-in-chief, provided a searchable database of documents, and identified most relevant documents. In *United States v. Bickers*, No. 1:18-CR-00098-SCJ, 2019 WL 5587050, at *3 (N.D. Ga. Oct. 30, 2019), the court also denied a similar request and noted the government's efforts to assist defense counsel to search and review discovery. In *United States v. Gilbert*, No. 217CR00419AKKTMP, 2018 WL 2088389, at *4 (N.D. Ala. May 4, 2018), the court denied the defendants' motion to identify

3

documents. In doing so, the court noted the length of time the defendants had to review the discovery and also explained that the specificity of the indictment would help guide and focus the defendants' review of the discovery. *Id*. In this case, the United States is taking great care to ensure not only that it is complying with its discovery obligations, but also to ensure that defense counsel understands and can navigate the discovery. Thus, the United States should not be required to also identify the category of discovery produced.

For the reasons articulated by Judge Cheesbro in the thorough and well-reasoned Order, as well as those in the Government's discovery and *Brady* responses, docs. 893 and 1133, Defendant's objections, doc. 1177, should be overruled and the Order should be adopted in its entirety.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Tania D. Groover*
Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

*/s/ E. Greg Gilluly, Jr.*
E. Greg Gilluly, Jr.
Assistant United States Attorney
Tennessee Bar No. 019397

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov; and
         greg.gilluly@usdoj.gov