# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DELIA IBARRA ROJAS, and
BRETT DONAVAN BUSSEY,

    Defendants.

5:21-cr-9

**ORDER**

    Defendants Delia Ibarra Rojas and Brett Donavan Bussey moved to dismiss Counts 1, 4, 5, 6, and 7 of the Indictment. Dkt. Nos. 631, 802. The Magistrate Judge issued a Report and Recommendation that the Court deny Defendants' Motion. Dkt. No. 1180. Defendant Bussey filed objections to the Magistrate Judge's Report and Recommendation on November 21, 2024. Dkt. No. 1185. Defendant Rojas has filed no objections, and the time to do so has elapsed.

    In his Objections, Bussey first challenges the Magistrate Judge's conclusions related to the mail fraud conspiracy count. The Magistrate Judge concluded that the mail fraud conspiracy count in the Superseding Indictment is sufficient because it alleged that Bussey was involved in a scheme to defraud foreign workers and he used the mail to file petitions in furtherance of that scheme. Dkt. No. 1180 at 3-9. Bussey argues the Superseding Indictment nonetheless does not specify the fraudulent statement,

fraudulent signature, fake document, or misrepresentation that he made. Dkt. No. 1185 at 2. The Magistrate Judge considered and correctly rejected this challenge.

As the Magistrate Judge explained in the Report and Recommendation, an indictment is facially sufficient if it: (1) presents the essential elements of the charged offense; (2) notifies the accused of the charges to be defended against; and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)(citation and punctuation omitted). Importantly, the elements of mail fraud conspiracy are: (1) intentional participation in a scheme to defraud a person of money or property; and (2) the use of the mails in furtherance of the scheme. United States v. Russell, 501 F. App'x 860 (11th Cir. 2012) (citing United States v. Smith, 934 F.2d 270, 271 (11th Cir. 1991)). Additionally, it is well established that "an indictment for conspiracy to commit a criminal offense is not required to be as specific as a substantive count." United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985).

The Superseding Indictment describes Bussey's participation in the alleged conspiracy and explains how he and other Defendants used the mail in furtherance of the conspiracy. Dkt. No. 1012 at 8-25. The Superseding Indictment alleges conspirators mailed

2

petitions for workers, then exploited those workers by confiscating documents, charging illegal fees, and subjecting workers to unsanitary conditions, among other acts. The Superseding Indictment provides substantial detail supporting these allegations, including identification of individual petitions, specific instances of worker exploitation, individual financial transactions, and certain Defendants' efforts to obstruct the investigation.

Bussey argues that the Superseding Indictment should have precisely identified the fraudulent acts and statements in which he allegedly engaged. Bussey does not point to any controlling authority that requires such a level of precision. To the contrary, an indictment is sufficient if it: (1) presents the essential elements of the charged offense; (2) notifies the accused of the charges to be defended against; and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. The Superseding Indictment in this case meets those requirements. It presents sufficiently detailed factual allegations that Bussey intentionally participated in a fraudulent scheme. It also explains that Bussey used the mail to do so. These allegations are sufficient to support a charge of mail fraud conspiracy.

Bussey also argues the Magistrate Judge's analysis on the substantive mail fraud counts is flawed. Dkt. No. 1185 at 3. As he did in the motion to dismiss, Bussey argues that the Superseding Indictment does not sufficiently apprise him of what he must be prepared to meet at trial with regard to the substantive mail fraud counts. Bussey argues the Superseding Indictment expressly alleges the petitions he filed were fraudulent and contained false information, so it also needed to identify precisely which signatures and documents were falsified.

Bussey's objection lacks merit. As with the conspiracy challenge, Bussey fails to point to any authority that requires the level of specificity he contends is necessary. Moreover, the Superseding Indictment clearly identifies specific petitions that Bussey allegedly submitted in furtherance of a mail fraud scheme. Dkt. No. 1012 at 27. This portion of the Superseding Indictment provides the essential elements of mail fraud, tracks the language of the mail fraud statute, identifies the allegedly fraudulent petitions, and gives precise details about those petitions. Dkt. No. 1012 at 26-27. Therefore, the Superseding Indictment's substantive mail fraud counts are sufficient.

Bussey relies on a few cases in his objections that he contends support his challenges, but those cases are all factually distinguishable. First, Bussey cites <u>United States v. Ashley</u> for the proposition that an indictment that does not provide enough

4

facts about the crime is invalid. 905 F. Supp. 1146, 1158-59 (E.D.N.Y. 1995). In that case, however, the indictment completely failed to identify the key components of the alleged scheme to defraud, thus failing to inform the defendant of the charges he had to meet. Id. In contrast, the Superseding Indictment in this case identifies specific, individual petitions that it alleges were fraudulent.

Bussey also points to United States v. Tripodis, a case in which the court found an indictment failed to provide sufficient facts to allege mail fraud. No. 1:18-CR-240-1, 2020 WL 914681, at *3 (N.D. Ga. Feb. 26, 2020). That case, too, is distinguishable. The court in Tripodis concluded the indictment failed because it did not specify a victim or any property subject to the alleged fraud. Id. Bussey does not argue that the Government failed to identify a victim or property in this case. Indeed, the Superseding Indictment is clear that the scheme was intended to defraud the United States Government in order to obtain money.

Finally, Bussey cites United States v. Chang, 722 F. Supp. 3d 1340 (N.D. Ga. 2024). Like Bussey's other citations, Chang is inapposite. In Chang, the court determined the indictment failed to sufficiently allege a violation of the wire fraud statute. The indictment in that case did not allege that the defendant made any material misrepresentation. Id. at 1348-49. Here, the Superseding Indictment states Defendants would obtain fraudulent signatures

5

and fake documents to file fraudulent petitions. The Superseding Indictment then identified the specific petitions at issue. The Superseding Indictment in this case does not suffer from the same defects that the court in Chang identified.

Ultimately, the cases Bussey relies on are distinguishable and non-binding. Bussey points to no authority that requires any greater specificity than what is already contained in the Superseding Indictment. Therefore, Bussey fails to demonstrate that the substantive mail fraud counts in the Superseding Indictment are deficient.

Thus, after an independent and de novo review, I **OVERRULE** Bussey's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DENIES** Defendants' Motions to Dismiss.[1]

**SO ORDERED**, this 29 day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because Defendant Rojas did not file Objections to the Report and Recommendation, a different standard of review applies. Thus, I find no clear error in the Magistrate Judge's Report and Recommendation as to Defendant Rojas and **ADOPT** the Report and Recommendation as the opinion of the Court. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error.").