# In the United States District Court for the Southern District of Georgia Waycross Division

```
UNITED STATES OF AMERICA,    )
                             )
     v.                      )   CR 521-009-14
                             )
DONNA MICHELLE ROJAS,        )
                             )
     Defendant.              )
```

### ORDER

Before the Court is Defendant Donna Rojas's letter/motion for sentence reduction. Dkt. No. 1265. Therein, Defendant appears to request two forms of relief. First, Defendant seeks a reduction of her term of imprisonment because she "was never offered the Safety Valve consideration." Id. at 1. Second, Defendant appears to challenge the Bureau of Prisons' administration of good time credits. Id. at 2.

To the extent Defendant challenges her sentence, her remedy is to file a motion to vacate pursuant to 28 U.S.C. § 2255.[1] Further, a review of the record shows that Defendant was not eligible for application of the safety valve mechanism because she was not subject to a mandatory minimum sentence and she was sentenced according to the U.S. Sentencing Guidelines.

---

[1] The Clerk is **DIRECTED** to mail Defendant a standard § 2255 form (AO 243) she can submit if she desires.

Next, to the extent Defendant challenges her sentence-credit awards, her motion to the Court is premature. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit of time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant's filing does not show that she has exhausted her administrative remedies by requesting credit and/or clarification from the Bureau of Prisons.

2

Accordingly, Defendant's motion, dkt. no. 1265, is **DISMISSED**.

**SO ORDERED** this 6 day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA