IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CASE NO. 5:21-CR-9 |
| v. | ) |
| | ) |
| MARIA PATRICIO, ET AL. | ) |

**UNITED STATES' COMBINED MOTION IN LIMINE**

The United States moves *in limine* for the relief requested below in advance of trial in this case.

**I.  Defendants Should be Directed to Provide Any Challenges to the Accuracy of any English Transcripts by the Pretrial Conference.**

The United States moves *in limine* concerning any English translations produced in this case. Since April 2022, the United States has produced over fifteen terabytes of discovery. Many of the victims and Defendants in this case speak Spanish. In general, the discovery includes recorded conversations in Spanish. The United States has begun identifying exhibits and preparing any relevant English transcripts as possible jury trial exhibits. When the English transcript exhibits are complete, the United States will promptly produce the draft translations of any Spanish-language conversations to defense counsel. The United States further submits that it anticipates that all draft English translations will be produced by October 27, 2025, two weeks before the pretrial conference scheduled on November 10, 2025. Doc. 1279. The United States now requests a court order directing Defendants that, insofar as a Defendant has any challenges to the accuracy of the transcripts, to provide to the United States by the pretrial conference hearing date of

November 10, 2025, its own version of the disputed portion(s).  The United States further requests that if a defendant fails to do so, he or she waives the right to contest before the jury the accuracy of the translations and transcripts.

The Eleventh Circuit has recognized that English translations of foreign-language recordings can be admitted as substantive evidence for the jury to read in court and to use during deliberations in the jury room.  *See United States v. Curbelo*, 726 F.3d 1260, 1271 (11th Cir. 2013) (holding trial court properly admitted English translations of Spanish language wiretap recordings).  Similarly, to avoid eleventh-hour battle of the transcripts from arising, the Eleventh Circuit has also recognized a specific procedure to address concerns about the accuracy of translations.  In *United States v. Curbelo*, the court noted:

> This circuit has established a procedure for "challenging the accuracy of an English-language transcript of a conversation conducted in a foreign language." *United States v. Le*, 256 F.3d 1229, 1238 (11th Cir. 2001).  If the parties cannot agree on a stipulated transcript, "then each side should produce its own version of a transcript or its own version of the disputed portions." *Id*. (quoting *United States v. Cruz*, 765 F.2d 1020, 1023 (11th Cir. 1985)).  When a defendant does not avail himself of this procedure, he "waive[s] his right to challenge the translation and the transcripts**.**" *Id*.  Because Defendant did not produce any alternative transcripts, he has waived this argument.

*Id*.  To reach an agreement between the parties on any disputed portions and to otherwise avoid any late translation challenges that would unnecessarily put the jury in the position of determining which foreign-language translation is correct, the United States moves *in limine* for an order directing Defendants to provide the United States with their version of any disputed portions of the transcripts on or

before November 10, 2025.  Insofar as Defendants elect not to do so, the United States requests that the Court preclude them from raising such challenge at trial.

II. **Defendants Should be Precluded from Presenting Evidence or Argument Relating to Their Potential Sentence.**

Defendants face significant prison time if convicted.  This fact is as irrelevant to the jury's determination as it is likely to improperly sway them into making "moral judgments about whether a person deserves or does not deserve a particular punishment." *United States v. Biggins*, No. 6:13-CR-12, 2013 WL 12170636, at *2 (S.D. Ga. Dec. 9, 2013).  Since "[t]he question of punishment should never be considered by the jury in any way in deciding the case," the United States seeks to preclude Defendants and counsel from mentioning their potential punishment before the jury. *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). Courts have routinely entered such orders. *See United States v. Palmer*, No. 2:17-CR-106-WKW, 2018 WL 10705475, at *1 (M.D. Ala. Feb. 12, 2018) (granting motion *in limine* and ordering that the parties not to discuss possible punishments before the jury); *Biggins*, 2013 WL 12170636, at *2 (same).

III. **Defendants Should be Precluded from Presenting Evidence or Argument Relating to Their Co-Defendants' Guilty Pleas and Sentencing.**

Twenty-three defendants were originally charged for their role in an international mail fraud, forced labor, and money laundering conspiracy.  Docs. 3, 352, and 1012.  Most co-defendants and alleged co-conspirators have both entered a plea of guilty and have been sentenced.  The facts that co-defendants have pleaded

3

guilty, the nature of their plea agreements, and been sentenced, have no relevance to the jury's determination of the guilt or innocence of the remaining Defendants.[1] Introducing such evidence will invite juror confusion.

Certainly, to prove Defendants' guilt, the United States intends to prove that a conspiracy existed, and that Defendants were a part of it. But the outcome of the charges against individuals who will not be at trial is irrelevant and prejudicial. *See United States v. Miranda*, 593 F.2d 590, 594 (5th Cir. 1979) ("Our cases clearly establish that a defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a codefendant or government witness has been convicted of the same charge."). Accordingly, the United States seek an order precluding Defendants from presenting evidence or otherwise alluding to the disposition of their co-defendants' charges.

## IV. **Defendants Should be Precluded from Offering Evidence Subject to Undisclosed Reciprocal Discovery.**

Defendants should be precluded from offering any undisclosed evidence subject to reciprocal discovery. The United States has provided discovery subject to Rule 16. To date, Defendants Brett Bussey and Margarita Rojas have not provided any reciprocal discovery to the United States. To the extent Defendants Bussey and Rojas attempt to offer at trial any undisclosed evidence subject to Rule 16(b)(1), such evidence is properly excluded. *See, e.g.*, *United States v. Petrie,* 302 F.3d 1280, 1288–89 (11th Cir. 2002) (affirming district court's exclusion of defense evidence

---

[1] Certainly, the calculus changes if those co-defendants testify at Defendants' trial and make themselves available for cross-examination.

4

not produced to the government as reciprocal discovery pursuant to Rule 16(b));

*United States v. Prather*, 205 F.3d 1265, 1271–72 (11th Cir. 2000) (same).

### V. **Defendants Should be Precluded from Lodging Authentication Objections to Self-Authenticating Evidence After the Pretrial Conference.**

The United States has produced and noticed the evidence in discovery certain self-authenticating evidence, thereby making it available for inspection. The United States anticipates that it may receive additional Rule 902 certifications and will continue to promptly provide the required notice. The United States intends to comply with Rule 902's procedure by providing the requisite notice of its intent to offer certain self-authenticating evidence as trial exhibits, and where required, provide certifications of a qualified person that complies with Rule 902's certification requirements. If no objections are lodged by the pretrial conference hearing date of November 10, 2025, the United States asks that the Court enter an order stating that no extrinsic evidence is required to authenticate the records for all Rule 902 notices filed before the pretrial conference hearing date of November 10, 2025.

If Defendants are permitted to raise last-minute authentication objections to evidence that is self-authenticating, the United States would need to have record custodians, several of whom are out-of-state, on standby in case an authentication objection is raised. Such result runs contrary to Rule 902's purpose. Consequently, the United States moves to preclude Defendants from objecting at trial to the self-authenticating evidence that has been noticed by the pretrial conference hearing

5

date. Defendants, of course, will be free to raise other objections to the admissibility of such evidence that is not covered by Rule 902.

                                      MARGARET E. HEAP
                                      UNITED STATES ATTORNEY

                                      ***/s/ Tania D. Groover***
                                      Tania D. Groover
                                      Assistant United States Attorney
                                      Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov