UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT BRETT BUSSEY'S MOTION IN LIMINE**

Defendant Brett Bussey moves in limine to exclude any transcripts of Spanish to English translations not previously disclosed and shows this Court the following:

The government filed a Combined Motion in Limine, doc # 1318, seeking to set a schedule for the objection by the defense to any translated transcripts, which it states it will disclose by October 27, 2025. Any transcripts of translations not previously disclosed in discovery by the government should be excluded.

**I. Introduction.**

Mr. Bussey was originally indicted almost 4 years ago, along with 23 others. Doc # 3. He was arraigned on November 18, 2021. Doc # 60. A trimmed down 42-page Superseding Indictment was returned in June 2024 which alleges that from 2015 to October 2021 8 defendants were members of

1

a transnational criminal organization engaging in international forced labor trafficking, mail fraud and money laundering. *See* Doc. # 1012, ¶¶ 1-9. The superseding indictment alleges that the Defendants mailed false Form 1-129s, Petitions for Nonimmigrant Workers, to the government for foreign workers to enter the United States, and fraudulently caused the government to issue over 71,000 H2-A visas, and that the Defendants profited over $200,000,000 from the alleged trafficking. *Id.* at ¶¶ 9, 11. The government charged the defendants with one count of conspiracy to commit mail fraud, one count of conspiracy to engage in forced labor, one count of conspiracy to engage in money laundering, one count of tampering with a witness, six counts of mail fraud, and 25 counts of forced labor. *Id.* at ¶¶ 22-61.

Discovery Disclosure Number 14 occurred on Feb 1, 2023 and included interviews and translations. The government represented that the discovery also included over 100 boxes of documents from searches and the seizure of more than 150 electronic devices. Doc # 424, p. 2.

The pretrial motions hearing occurred before the Magistrate in April 2024. Doc # 270. This case was set for trial on May 27, 2025. Doc # 1279.

## II. <u>Argument and Citation to Authority</u>

### 1. <u>The English Language Transcripts Should be Excluded if Not Previously Disclosed to the Defense.</u>

The government states in its motion in limine that it has begun identifying exhibits and preparing relevant transcripts for use at trial. Doc # 1318, p. 1-2. In a case that has been pending almost four years, the government then states that it will produce transcripts by October 27, 2025 and requests that the defense be given until November 10, 2025 to provide its own versions of disputed translations and transcripts. *Id.*

After investigating this case for more than 2 years before indictment, doc # 651, p. 9 (the CS recorded Bussey on April 30, 2019), and after having this case under indictment for almost 4 years, the untimely disclosure of the transcripts impairs Mr. Bussey's ability to prepare for trial and violates his Fifth Amendment due process rights.

The government has already produced more than 15 terabytes of discovery. Doc # 549, p. 3. Included within that discovery was an entire subset, Discovery 14, that provided translations of interviews. *Id*. The defense will be harmed by the government providing Spanish to English transcripts 6 weeks before trial and long after they were supposed to provide discovery in this matter.

The government's own motion defeats any claim that translations need not be disclosed earlier because it argues that translations are substantive evidence that can be read into evidence and used by the jury during deliberations. Doc # 1318, p. 2.

The government should have disclosed long ago the translations it planned to use under Rule 16(a)(1)(E)(ii)(evidence that the government intends to use in its case in chief) and Local Rule 16B (a)(1)(evidence described in Federal Rule of Criminal Procedure 16(a)(1) ), and the failure to do so should result in excluding that evidence.

Federal Rule Crim Procedure 16(d)(2) provides that the district court has broad discretion in arriving at a remedy for violations of discovery rules from granting a continuance to prohibiting a party from use of the evidence, to entering an order that is just under the circumstances. Accord *United States v. Kubiak*, 704 F.2d 1545, 1551-52 (11th Cir. 1983)(the trial court may order a continuance, order the party to permit the discovery, prohibit the party from introducing the evidence, or enter such other order it deems just); *United States v. Young*, 248 F.3d 260, 270 (4th Cir.), *cert. denied*, 533 U.S. 961 (2001)(defense counsel's failure to disclose audiotape of witness violated Rule 16 and warranted sanction of exclusion, where the government was

prejudiced by inability to coordinate its case to account for the tape and contents were brought before jury by way of witness's testimony).

The government understands that the transcripts are Rule 16 evidence because their moving papers contend that they are admissible and should go back with the jury. At this point, Mr. Bussey is prejudiced by the late disclosure. The discovery in this case exceeds that of almost every other case in this district. Although a continuance is a remedy this Court can resort to, in the context of a case pending for more than 4 years by the time of trial, it is not an adequate remedy. This court has authority under the abuse of discretion standard to exclude this evidence. *United States v. Sims*, 776 F.3d 583 (8th Cir. 2015); *United States v. Yepa*, 608 Fed. App. 672 (2015)

The government's late disclosure of English language transcripts not previously disclosed should be excluded.

Based on the reasons and authorities cited above, Mr. Bussey respectfully requests that his motion in limine be granted.

Respectfully submitted, this the 29th day of September, 2025.

                WITHERS LAW FIRM PC

                ***/s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: Twithers@witherslawfirmpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties here in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This the 29th day of September, 2025.

WITHERS LAW FIRM PC

***/s/ Thomas A. Withers, Esq.***
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Email: Twithers@witherslawfirmpc.com