UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT BRETT BUSSEY'S SECOND MOTION IN LIMINE AND NOTICE UNDER RULE 609(b**

Defendant Brett Bussey files this his Second Motion in Limine and Notice Under Rule 609(b) of his :

**1. Statement of Facts.**

Although Mr. Bussey does not have a criminal history for Mr. Sharma, publicly available information and the government's discovery shows the following:

In *Sharma v. State*, 294 Ga. App. 783, 784, 670 S.E.2d 494, 495 (2008), in determining that Sharma did not have to register as a sex offender in Georgia based on Georgia's statutory scheme the Court of appeals wrote the following:

> The record shows that in 1999 and 2000, Sharma, a former
> resident of Texas, was indicted for second degree sexual assault
> in violation of Tex. Penal Code §22.011. As to each victim, both

1

of whom were adult women, the indictments charged that Sharma intentionally and knowingly caused the penetration of the female sexual organ of his victim by placing his sexual organ in the female sexual organ of the victim, "without the consent of the [victim], namely Sharma was a clergyman who caused the [victim] to submit and participate by exploiting the [victim's] emotional dependency on Sharma in [his] professional character as spiritual adviser." These indictments were returned pursuant to Tex. Penal Code §22.011(b)(10), which provides that a sexual assault is without consent if "the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as a spiritual adviser." [The CS] was convicted by a jury of the 1999 charge and entered a plea of nolo contendere to the 2000 charge.

Sharma was later convicted in Texas for failing to register as a sex offender. Doc # 651-1, ¶ 14.

Sharma was also convicted in the State of Georgia of possession of a weapon by a convicted felon. *Id.*

Finally, Sharma was also convicted of impersonating an officer in New York in 2013. *Id.*

**2. Argument and Citation of Authority.**

Rule 609 (b) provides that evidence of a conviction in excess of 10 years is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

We address each conviction below.

The credibility of Sharma is vital in this case. Just like the women whose trust he abused in Texas for his sexual gratification, here, Sharma plied Mr. Bussey with alcohol full knowing he was an alcoholic. It is important to put the government recordings in appropriate context, which consists in part on placing Sharma's credibility in context.

The balancing factors for a remote in time conviction are the same ones used in making Rule 609(a)(1) determinations, see *United States v. Collins*, 799 F.3d 554, 571 (6th Cir. 2015). In *United States v.*

*Redditt*, 381 F.3d 597, 601 (7th Cir. 2004), the district court admitted a remote in time conviction. The court of appeals observed that remote convictions should be admitted very rarely and only in exceptional circumstances. Yet the court of appeals upheld the conviction, noting that a district court's decision to admit a conviction over ten years old will be upheld if the record shows that the district court thoughtfully analyzed the facts and properly weighed the probative value of the evidence against its prejudicial effect.

In *United States v. Pritchard*, 973 F.2d 905, 908-09 (11th Cir. 1992), the Eleventh Circuit affirmed the district court's admission into evidence of the defendant's prior remote conviction because credibility was the key issue and the government's need for the evidence was substantial.

Here, the jury should have an understanding of Mr. Sharma's credibility. His sexual assault conviction in Texas should be admitted into evidence as it is a crime of dishonesty directly bearing on Mr. Sharma's credibility.

As for Sharma's conviction for failing to register in Texas as a sex offender that conviction should likewise be admitted on cross-examination. In *Tristan v. State*, the Texas court addressed whether

the failure to register as a sex offender may bear on a witness's character for truthfulness. In concluding that it does, the court reasoned a convicted sex offender may desire to conceal the required information for a number of reasons, including evading tracking by law enforcement and detection by the public. The court, therefore, held "that failure to register as a sex offender can be a crime of deception that bears on the witness's character for truthfulness." 393 S.W.3d 806, 812 (Tex. App. 2012).

As for the possession of a weapon by a convicted felon, one district court allowed the government to impeach a defendant with a prior weapons possession charge but required the redaction of the record to merely reflect it was a non-violent conviction. *United States v. Castelluzzo*, 2015 WL 3448208, *3-4 (D.N.J. May 29, 2015). Mr. Bussey would be amenable to the same stipulation here.

Finally, as to the impersonating a police officer conviction, it has as an element dishonesty or false statement and should be admissible. *United States v. Volpentesa*, 2010 WL 11470124, *5 (N.D. Ill. May 10, 2010).

Mr. Bussey understands that he has the burden to show the probative value of this conviction supported by specific facts and circumstances substantially outweighs their prejudicial effect and will do so as instructed.

Based on the reasons and authorities cited above, Mr. Bussey respectfully requests that he be permitted to cross examine government witness Sharma with his prior convictions as set forth above.

Respectfully submitted, this the 29th day of September, 2025.

                WITHERS LAW FIRM PC

                ***/s/ Thomas A. Withers, Esq.***
                Thomas A. Withers, Esq.
                Georgia Bar Number: 772250
                Attorney for Defendant Brett Donovan Bussey

8 E. Liberty St
Savannah, Ga. 31401
(912) 447-8400
Email: Twithers@witherslawfirmpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | INDICTMENT NUMBER: |
| ) | 5:21-CR-9-20 |
| BRETT DONAVAN BUSSEY, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties here in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This the 29th day of September, 2025.

        WITHERS LAW FIRM PC

        ***/s/ Thomas A. Withers, Esq.***
        Thomas A. Withers, Esq.
        Georgia Bar Number: 772250
        Attorney for Defendant Brett Donovan Bussey

8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Email: Twithers@witherslawfirmpc.com