IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE No.: 5:21-CR-09-20 |
| ) | |
| BRETT DONAVAN BUSSEY ) | |

## PLEA AGREEMENT

Defendant Brett Donavan Bussey, represented by Defendant's counsel Thomas A. Withers, and the United States of America, represented by Assistant United States Attorney Ryan Bondura, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to Count Thirty-Three of the Superseding Indictment, which charges a violation of 18 U.S.C. § 1956(h).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count Thirty-Three are (1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956; and (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

Defendant agrees that he is, in fact, guilty of Count Thirty-Three. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through October 2021, the precise dates being unknown,

in Atkinson County, Bacon County, Coffee County, Tattnall County, Toombs County, and Ware County, within the Southern District of Georgia, and elsewhere, the defendant, aided and abetted by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is mail fraud, in violation of Title 18, United States Code, Section 1341, and which the defendant knew to be the proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(2)(A). The defendant further agrees to the overt acts – as outlined in the Superseding Indictment – were committed by at least one conspirator in furtherance of the conspiracy and all done in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(A)(i), 1956(a)(2)(A), and 2.

3.  Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties for Count Thirty-Three: 20 years' imprisonment, 5 years' supervised release, a $500,000 fine or twice the value of the property involved, whichever is greater, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the

applicable Sentencing Guidelines range. Any incriminating information provided by the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

    b.    <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

    c.    <u>Sentencing Guideline Recommendations – Base Offense Level</u>

The government agrees to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of the Sentencing Guidelines, the base offense level should be calculated pursuant to §§ 2X1.1 and 2S1.1(a)(2). The government further agrees to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of the Sentencing Guidelines, the base offense level under § 2S1.1(a)(1) and 2B1.1(a) for the underlying offense of mail fraud is 13: 7, plus 6 levels from the table in § 2B1.1 corresponding to more than $40,000 but not more than $95,000 of laundered funds.



d. <u>Specific Offense Characteristics for Section 2S1.1</u>

The government agrees to recommend to the U.S. Probation Office and the Court at sentencing that the Specific Offense Characteristics in Sections 2S1.1(b)(2)(C) and 2S1.1(b)(3) do not apply to Defendant.

e. <u>Sentencing Guidelines Recommendation – Zero-Point Offender</u>

The government agrees to recommend to the U.S. Probation Office and the Court at sentencing that if Defendant did not receive any criminal history points from Chapter Four, Part A, then Defendant should receive the two-level adjustment for zero-point offender in § 4C1.1.

f. <u>Probation</u>

The government does not oppose a sentence of probation as to Defendant; however, the government will not be recommending a specific sentence.

7. <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Superseding Indictment that remain pending against Defendant.

8. <u>Cooperation (Optional)</u>

a. <u>Complete and Truthful Cooperation Required</u>

If Defendant cooperate, then Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and

5



truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.    <u>Forfeiture</u>

    a.    Defendant agrees to forfeit Defendant's interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense to which Defendant has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically the items listed in Attachment A (collectively, the "Subject Property").



b.  Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c.  Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.  Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case, including but not limited to the Subject Property. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

e.  Defendant does not waive and abandon his interest in $23,593.60 that was seized on or about November 17, 2021, from Defendant Bussey's SunTrust/Truist account ending in 9535. At the time of sentencing in this case, the

United States agrees to decline forfeiture the $23,593.60, Asset Item ID 22-DSS-000056.

10. <u>Abandonment of Property</u>

Defendant waives and abandons Defendant's interest in any property that may have been seized in connection with this case, including but not limited to the Subject Property.

11. <u>Financial Obligations and Agreements</u>

    a. <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

    b. <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

12. <u>Debarment</u>

Pursuant to this plea agreement, Defendant, and any successor in interest to Defendant, will be debarred from receiving a temporary labor certification from the Department of Labor under the H-2A program for a period of three years commencing at the end of the 30-day period immediately following the date of sentencing. Therefore, Defendant agrees that he and any successor in interest, will be debarred and disqualified



8

under the U.S. Department of Labor's regulations at 20 C.F.R. § 655.182, for a period of three years commencing at the end of the 30-day period immediately following the date of sentencing, and this agreement constitutes notice of such action as specified in 20 C.F.R. § 655.182(f).

13. <u>Waivers</u>

    a.    <u>Waiver of Appeal</u>

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>



9

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

    e.    <u>Waiver of Debarment Appeal Provisions</u>

Defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. The defendant has also been fully apprised of the appeal provisions applicable to the debarment and disqualification from filing any H-2A labor certification applications under the U.S. Department of Labor's regulations at 20 C.F.R. § 655.182 and accepts such debarment and disqualification as final agency action.

14.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding.




Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

15. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

16. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.



17. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

|  |  |
|---|---|
| | MARGARET E. HEAP<br>UNITED STATES ATTORNEY |
| 11.04.2025<br>Date | */s/ M. Mateo*<br>Marcela Mateo<br>Deputy Chief, Criminal Division |
| 11/4/2025<br>Date | */s/ Ryan Bondura*<br>Ryan Bondura<br>South Carolina Bar No. 104079<br>Assistant United States Attorney |

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/4/25
Date

Brett Donavan Byssey
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

11-4-25
Date

Thomas A. Withers
Defendant's Attorney

# Attachment A

3/6/23, 3:38 PM                                   CATS - Consolidated Asset Tracking System

| Asset / Item ID Description | Seizure Date | Seizure/Aband No |
|---|---|---|
| 21-DSS-000471 Cash seized pursuant to federal search and seizure warrant 3:21cr00002. These warrant is currently underseal | 06/01/2021 | 21CR00002 |
| 21-DSS-000472 Cashed seized pursuant to federal search and seizure warrant | 06/01/2021 | 21CR00002 |
| 21-DSS-000473 Mexican Pesos seized during federal search and seizure warrant | | 21CR00002 |
| 21-DSS-000474 18 US gold coins | | 21CR00002 |
| 21-DSS-000475 Cash seized pursuant to federal search and seizure warrant. | 06/01/2021 | 21CR00002 |
| 22-DSS-000006 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000007 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000008 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000009 Safe deposit box 330 Search and Seizure. This AIN is for the cash found in the box | 11/17/2021 | 419MJ67 |
| 22-DSS-000010 Cash found pursuant to federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000011 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000012 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000013 Cash contents of FNB South Safe Deposit Box 113. | 11/17/2021 | 419MJ67 |
| 22-DSS-000014 Cash seizure from Safe Deposit Box 70 at FNB South, Alma GA. | 11/17/2021 | 419MJ67 |
| 22-DSS-000015 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000016 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000017 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000018 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000019 Cash seized pursuant to a federal search and seizure warrant. | 11/17/2021 | 419MJ67 |
| 22-DSS-000022 1964 Chevy Impala VIN 41447016054 Title No. 161540090097 | 11/17/2021 | 419MJ67 |
| 22-DSS-000023 1997 Mercedes Benz E300D VIN WDBJF20F8VA365187 | 11/17/2021 | 419MJ67 |
| 22-DSS-000025 2001 TRMO VIN 1PT01JAH616001627 | 11/17/2021 | 419MJ67 |
| 22-DSS-000028 2006 Toyota 4 Runner VIN JTEZU17R968043067 | 11/17/2021 | 419MJ67 |
| 22-DSS-000029 2014 Audi Q7 VIN WAUAGD4L2ED002678 | 11/17/2021 | 419MJ67 |
| 22-DSS-000030 2016 Chevy Express G3500 VIN 1GAZGPFG6G1154130 | 11/17/2021 | 419MJ67 |
| 22-DSS-000032 2011 Ford SRW Super Duty VIN 1FTBF2BT6BED04675 | 11/17/2021 | 419MJ67 |
| 22-DSS-000033 2017 GMC Sierra K1500 S VIN 3GTU2NEC7HG196103 | 11/17/2021 | 419MJ67 |
| 22-DSS-000035 2020 Nissan Altima VIN 1N4BL4EV0LC128307 | 11/17/2021 | 419MJ67 |
| 22-DSS-000037 2014 Jeep Grand Cherokee VIN 1C4RJFBG7EC497040 | 11/17/2021 | 419MJ67 |
| 22-DSS-000040 2015 Jeep Wrangler Sahara VIN 1C4GJWBG2FL697235 | 11/17/2021 | 419MJ67 |
| 22-DSS-000041 2015 Ford Escape VIN 1FMCU0GX7FUC40003 | 11/17/2021 | 419MJ67 |
| 22-DSS-000042 2018 Ford F150 Super Crew VIN 1FTEW1E57JFB87539 | 11/17/2021 | 419MJ67 |
| 22-DSS-000045 2017 Ford F150 Super Crew VIN 1FTEW1EF7HFA63841 | 11/17/2021 | 419MJ67 |
| 22-DSS-000048 Bank of America Cashier's Check No. 6198626659 in the amount of $287.65. | 11/17/2021 | 419MJ67 |
| 22-DSS-000049 United Community Bank Official Check #6364844 | 11/17/2021 | 419MJ67 |
| 22-DSS-000050 Ameris Bank Official Check number 0925784 in the amount of $230,640.08 | 11/17/2021 | 419MJ67 |
| 22-DSS-000053 FNB South official check number 160848 for $5921.34 | 11/17/2021 | 419MJ67 |
| 22-DSS-000055 Synovus bank check number 537004755 for $20269.23. | 11/17/2021 | 419MJ67 |
| [redacted] | [redacted] | [redacted] |
| 22-DSS-000057 SunTrust official check number 3291112250 in the amount of $243.63 | 11/17/2021 | 419MJ67 |
| 22-DSS-000063 APN or Owner/VIN (if SFD Manufactured Home): 039 00 039. 102 Ashley Ln, McRae Helena, GA 31055, Telfair County County | | CR-00009 |
| 22-DSS-000064 APN or Owner/VIN (if SFD Manufactured Home):0097B096 204 Circle Drive, Douglas, GA 31533 | | CR-00009 |
| 22-DSS-000065 APN or Owner/VIN (if SFD Manufactured Home): 0115 112A 206 JIM RD, DOUGLAS, GA 31533 | | CR-00009 |
| 22-DSS-000066 APN or Owner/VIN (if SFD Manufactured Home): C066 043 6447 US Hwy 319 N, Omega, GA 31775, Colquitt County County | | CR-00009 |
| 22-DSS-000067 APN or Owner/VIN (if SFD Manufactured Home): 0044-015 01 & 0044-015 02 6996 Axson Rd, Axson, GA 31624 | | CR-00009 |
| 22-DSS-000068 Cash seized pursuant to a federal search and seizure warrant at 208 Napolito Rd., Nicholls, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000069 Cash seized pursuant to a federal search and seizure warrant at 114 Pine Thicket Road, Douglas, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000070 Cash seized pursuant to a federal search and seizure warrant at 90 Napolito Rd, Nicholls, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000071 Cash seized pursuant to a federal search and seizure warrant from 410 West 6th St, Tifton, GA | 11/17/2021 | 419MJ67 |
| 22-DSS-000072 $78.18 Foreign Currency | 11/17/2021 | 419MJ67 |