IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>*Plaintiff*   )<br>   )<br>v.   )<br>**CARLA YVONNE SALINAS,**   )<br>*Defendant*   ) | **CASE No.:**<br>**5:21-cr-00009-LGW-BWC-24** |

## SENTENCING MEMORANDUM

COMES NOW Defendant Carla Salinas, through her attorney, and files her Sentencing Memorandum and shows the Court the following:

Ms. Salinas is before the Court for sentencing today on Count 6 of the Superseding Indictment in this case – Conspiracy to Engage in Forced Labor. Ms. Salinas entered her Plea on August 15, 2025. Ms. Salinas has been on Pretrial Release in this case since December 3, 2021. United States Probation has made a qualified sentencing recommendation. Ms. Salinas respectfully disagrees with the current recommendation when properly viewed through the various sentencing factors in 18 U.S.C. § 3553(a). (Hereinafter referred to as "3553 Sentencing Factors").

### *18 U.S.C. § 3553(a)*

The mandate of 18 U.S.C. §3553(a) is, of course, for the Court to

"impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of that same statute. 3 In <u>Rita v. United States</u>, 127 S. Ct. 2456, 2463 (2007), the Court summarized the now often-cited factors found in that second paragraph: the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. *See also* <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 (11th Cir. 2006).

### *The United States*
### *Sentencing Guidelines*

The Supreme Court issued its decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). While issues remain regarding the role of the Sentencing Guidelines, it is clear that there is no presumption favoring the guidelines in the district court. As stated in <u>Rita</u>, "the sentencing court does not enjoy the benefit of a legal presumption that the guideline sentence should apply." 127 S.Ct. at 2465. Thus, there is "no thumb on the scale in favor of a guideline sentence." <u>United States v.</u>

<u>Wachowiak,</u> 496 F.3d 744, 749 (7th Cir. 2007). *See also* <u>United States v.</u> <u>Glover,</u> 431 F.3d 744, 752-753 (11th Cir.2005); <u>United States v. Rita,</u> 127 S.Ct. at 2474 (Stevens, J. concurring) ("I trust that those judges who have treated the guidelines as virtually mandatory during the post-<u>Booker</u> interregnum will now recognize that the guidelines are truly advisory.").

This has been a complex case. There were 24 defendants with Ms. Salinas being Number 24. Ms. Salinas has been on pretrial release for over 4 years. Even though this case was complex and the Speedy Trial clock tolled, that is a very long time. During that time, many of her codefendants have changed their pleas, been sentenced by this Court, and some have even petitioned to have their supervised release terminated. It would be easy to assume that Ms. Salinas has been a highly litigious defendant (which is her right). However, that has not been the case.

The Defense mentions this not as a complaint that any rights were violated. Rather, the Defense wants to make the Court aware that during this length of time, Ms. Salinas has avoided criminal activity and has stayed out of trouble. This reflects well upon Ms. Salinas and shows that her sentence should reflect that the need for deterrence and rehabilitation portion of the 3553 Sentencing Factors is not necessary.

Clearly, the Court must consider the punishment portion of the 3553

Sentencing Factors. Our sentencing scheme is based on many factors, but punishment for one's actions is central.

Carla understands that she broke the law, and her actions were wrong. She is now a convicted felon and will be under sentence. At some point Carla will no longer be under sentence but will forever bear the mark of "convicted felon". For many defendants within both the federal and state criminal justice systems, a conviction is not a negative. However, being a convicted felon is a mark of shame for Carla. Granted a mark that her actions caused, but still a mark of shame.

At sentencing, the Defense will argue more on what an appropriate sentence best comports with the 3355 Sentencing Factors.

Respectfully submitted this 18th day of March, 2026.

/s/ Dennis A. O'Brien, Jr.
Dennis A. O'Brien, Jr.
GA Bar No. 548495
*Attorney for the Defendant*
savannahlawyer@gmail.com

THE O'BRIEN LAW FIRM, P.C.
25 Bull Street, 2nd Floor,
Savannah, Georgia 31401
Office No.: 912-298-6529
Mobile No.: 912-704-5150
SavannahLawyer@gmail.com
Dennis@thesavannahlawyer.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the notice of electronic case filing which was generated as a result of electronic filing in this Court.

This 18th day of March, 2026

/s/ Dennis A. O'Brien, Jr.
Dennis A. O'Brien, Jr.
GA Bar No. 548495
*Attorney for the Defendant*
savannahlawyer@gmail.com

THE O'BRIEN LAW FIRM, P.C.
25 Bull Street, 2nd Floor,
Savannah, Georgia 31401
Office No.: 912-298-6529
Mobile No.: 912-704-5150
SavannahLawyer@gmail.com
Dennis@thesavannahlawyer.com